Ira P. DAIGLE and Mary L. Daigle, et al., Plaintiffs,

v.

SHELL OIL COMPANY and United States, Defendants.

Civ. A. No. 89–C–846.

United States District Court, D. Colorado.

Dec. 10, 1990.

John R. Holland, Denver, Colo., Kathleen Mullen, Ann Yahner, Washington, D.C., Howard Sedran, Philadelphia, Pa., for plaintiffs.

Edward J. McGrath, Linnea Brown, and Robert Tuchman, Holme Roberts & Owen, Denver, Colo., for Shell Oil Co.

J. Charles Kruse, Brett Scott, Washington, D.C., for the United States.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

This matter is before me on the plaintiffs' motions for class certification. Plaintiffs filed suit to recover personal injury and property damages allegedly caused by the defendants' cleanup activities at Basin F, a toxic waste disposal pond located within the Rocky Mountain Arsenal, northeast of Denver, Colorado. Plaintiffs have asserted claims for negligence, nuisance, trespass, ultrahazardous activities, intentional infliction of emotional distress, and recovery of response costs under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq.

Plaintiffs have filed two motions for class certification. The first deals exclusively with the claims against Shell Oil

Company ("Shell"), and the second exclusively with the claims against the United States. Because of the nature and scope of the conclusion I reach, there is no substantive difference between the motions, and I will consider them together.

Plaintiffs seek certification for claims of class members' real and personal property damage, business losses, CERCLA response costs, medical monitoring, punitive damages and injunctive relief. They do not, however, seek certification for their personal injury claims. In addition, the proposed class would include only "natural" persons, not corporations, partnerships or other legal entities that, during the relevant time period, owned or occupied property within the defined class geographic area.

Jurisdiction is founded upon 28 U.S.C. § 1332 and 42 U.S.C. § 9613(b). The parties have fully briefed the issues and oral argument was heard on November 16, 1990.

## I. *Standards For Class Certification.*

The party seeking to invoke Rule 23 carries the burden of demonstrating that all prerequisites for the class action procedure have been satisfied. *Rex v. Owens*, 585 F.2d 432, 435 (10th Cir.1978); *Albertson's, Inc. v. Amalgamated Sugar Co.*, 503 F.2d 459 (10th Cir.1974). Whether a class may be certified is left to the trial court's discretion. *Anderson v. Albuquerque*, 690 F.2d 796 (10th Cir.1982). Its determination will not be disturbed absent abuse of that discretion. *Rex*, 585 F.2d at 436.

In determining whether a claim for relief is suitable for resolution on a class-wide basis, a court is governed by Rule 23, Fed.R.Civ.P. *See McCarthy v. Kleindienst*, 741 F.2d 1406, 1412 n. 6 (D.C.Cir. 1984). A court faced with a certification issue must be mindful that certification is conditional and that once a class is certified it may be altered, expanded, or subdivided, or the certification may be vacated, as the case progresses toward resolution on the merits. *See* Rule 23(c)(1), 23(c)(4)(B), Fed. R.Civ.P.; *Walsh v. Ford Motor Co.*, 106 F.R.D. 378, 387 (D.D.C.1985). Because class certification is subject to later modification, a court should err in favor of, and

not against, allowing maintenance of the class action. *Esplin v. Hirschi*, 402 F.2d 94, 99 (10th Cir.1968), *cert. denied*, 394 U.S. 928, 89 S.Ct. 1194, 22 L.Ed.2d 459 (1969).

More specifically, before an action may be maintained as a class action, the proponent must establish that the four requirements of Rule 23(a) have been met. They are:

"(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

These conditions are referred to as numerosity, commonality, typicality and adequacy of representation.

## II. *A Class Must Exist.*

Although not expressly required by Rule 23, Fed.R.Civ.P., it is obvious that the party seeking certification must establish that an identifiable class exists. *Simer v. Rios*, 661 F.2d 655, 669 (7th Cir.1981); *McHan v. Grandbouche*, 99 F.R.D. 260, 265 (D.Kan.1983). Courts which have addressed this issue have determined that "[t]he important distinguishing characteristic of [a class] ... is that ... [its] scope is defined by the activities of the defendants." *Alliance To End Repression v. Rochford*, 565 F.2d 975, 978 (7th Cir.1977).

This action was commenced by the plaintiffs for themselves and on behalf of a purported class consisting of all persons who, from April 15, 1988 through March 31, 1989, resided, or owned real or personal property in Adams County, Colorado, within the following boundaries:

Northern Boundary—104th Avenue

Southern Boundary—72nd Avenue

Western Boundary—Highway 6, North to Brighton Road

Eastern Boundary—Route 2, South to Quebec Street; South on Quebec Street.

The scope of this proposed class is not defined by the defendants' Basin F activi-

ties. Instead, the plaintiffs arbitrarily have drawn lines on a map, and declared that certain persons within those geographical boundaries constitute a class. Plaintiffs have failed to identify any logical reason relating to the defendants' activities at Basin F for drawing the boundaries where they did. Therefore, I find and conclude that the plaintiffs have failed to identify a class.

### III. 23(a)(1)—Numerosity.

At oral argument, the plaintiffs asserted that the putative class consists of over 4,000 potential members, and therefore the numerosity requirement has been met. A putative class' size is not determinative of the numerosity question. Classes with under twenty people have been certified. *See Rex*, 585 F.2d 432, 436. Cases such as *Rex* make clear that although referred to as a numerosity requirement, the real inquiry under Rule 23(a)(1), Fed.R. Civ.P., is whether joinder would be impractical. A relatively small class may be certified if joinder is impractical. However, the converse must also be true for relatively large classes; certification may be denied if all plaintiffs can be joined.

In determining whether joinder is impractical, the court must consider the size of the proposed class, the class' geographic dispersion and whether the members' names are easily ascertainable. *Garcia v. Gloor*, 618 F.2d 264, 267 (5th Cir. 1980); *Rodriguez v. Bar–S Food Co.*, 567 F.Supp. 1241, 1247 (D.Colo.1983). To satisfy the numerosity requirement, the plaintiffs must show that joinder is impracticable, not impossible. *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909 (9th Cir.1964).

Plaintiffs have not shown that joinder is impracticable. Despite the tremendous publicity surrounding this case, only seventy-eight people have expressed an interest in joining the suit,[1] and all of them have already joined as named plaintiffs. All but one of the adult plaintiffs have

been deposed by Shell. Moreover, given the precise geographic boundaries set by the plaintiffs in defining the proposed class, it seems likely that the plaintiffs could easily ascertain the names of all potential class members. Moreover, because the relevant time frame is very recent, it is unlikely that a significant number of potential class members no longer reside in the Denver metropolitan area. Each of these factors militates against certification.

In summary, it appears most likely that all or nearly all of those who are interested in becoming plaintiffs already have joined in the action and have been deposed by the defendants. This supports the defendants' position that joinder is practical. Therefore, I conclude that the plaintiffs have not satisfied the requirements of Rule 23(a)(1), Fed.R.Civ.P.

### IV. 23(b)(2) & (3)—Commonality And Typicality.

Generally, to satisfy the commonality and typicality requirements, "either common questions of law or fact presented by the class will be deemed sufficient." *Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir.1982), *cert. denied*, 460 U.S. 1069, 103 S.Ct. 1524, 75 L.Ed.2d 947 (1983). However, mass tort cases are evaluated differently. In *Sterling v. Velsicol Chemical Corp.*, 855 F.2d 1188, 1196—97 (6th Cir.1988), the court summarized the arguments for and against class certification in mass tort cases. The court concluded that:

> "[i]n mass tort accidents, the factual and legal issues of a defendant's liability do not differ dramatically from one plaintiff to the next. No matter how individualized the issue of damages may be, these issues may be reserved for individual treatment with the question of liability tried as a class action. Consequently, the mere fact that questions peculiar to each member of the class remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible."

---

**1.** Several other individuals previously named as plaintiffs have decided not to pursue their . claims.

Although I agree with the Sixth Circuit's analysis, it does not dictate certification in this case.

The Sixth Circuit in *Sterling* made it clear that "[t]he district court retains broad discretion in determining whether an action should be certified as a class action, and its decision, based upon the particular facts of the case, should not be overturned absent a showing of abuse of discretion." *Id.* Moreover, *Sterling* did not hold that certification is mandated in all mass tort cases. Rather, the court simply concluded that "the mere fact that questions peculiar to each individual member ... remain after the common questions of liability have been resolved does not dictate the conclusion that a class action is impermissible." *Id.*

In the classic mass tort case, once the representative plaintiff establishes injury and causation, it becomes obvious that the class members have sustained similar injuries, and that those injuries were caused by the defendant. The class definition ensures that only those who sustained injuries are included. Liability can therefore be tried on a class basis, and damages questions can be reserved for individual treatment later. As discussed above, the class definition in this case bears no relationship to the defendants' conduct. The proposed class could easily contain thousands of people who sustained no injury caused by Shell or the Army. Consequently, significant trial time would be devoted to proving individual liability issues.

In *Sterling,* the court's conclusion that class certification may be appropriate in mass tort cases was based on the assumption that "the factual and legal issues of a defendant's liability do not differ dramatically from one plaintiff to the next." *Id.* Because the factual and legal issues of Shell's and the Army's liability in the instant case do differ dramatically from one plaintiff to the next, I conclude that the plaintiffs have not satisfied the commonality and typicality requirements.

### V. *Conclusion.*

To certify a class, the named plaintiffs must satisfy all four Rule 23(a) requirements. Because I conclude that the plaintiffs have failed to meet Rule 23(a)'s first three requirements, it is not necessary to consider whether they have met the fourth requirement. Therefore, the plaintiffs' motions for class certification are denied.

Accordingly IT IS ORDERED that:

(1) Plaintiffs' motion for class certification with respect to Shell Oil Company is denied;

(2) Plaintiffs' motion for class certification with respect to the United States is denied; and

(3) The parties and their counsel are ordered to meet and confer within eleven days in an effort to settle this case without further costly and time consuming litigation, and to report the results of their efforts in writing to this court within twenty days.