Michael **WALTON**, Rebecca Cantrell and Rosie McNairy, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

**FRANKLIN COLLECTION AGENCY, INC., Defendant.**

No. 1:98CV288–D–D.

United States District Court,
N.D. Mississippi,
Eastern Division.

Jan. 11, 2000.

---

W. Howard Gunn, Aberdeen, Mississippi, for plaintiffs.

William V. Westbrook, III, Bryant, Clark, Dukes, Blankeslee, Ramsay & Hammond, Gulfport, Mississippi, for Defendant.

## OPINION

DAVIDSON, District Judge.

The Plaintiffs instituted this action alleging, *inter alia,* that the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692a–1692o (1994), by seeking and obtaining awards of attorney's fees for services actually rendered by non-attorneys during debt collection proceedings throughout the State of Mississippi.

Presently before the court is the Plaintiffs' Motion for Class Certification pursuant to Rule 23 of the Federal Rules of Civil Procedure.[1] Upon due consideration, the court finds the Plaintiffs' motion well-taken and

shall certify the proffered class subject to certain modifications as set forth below.

### *Factual Background* [2]

■ The Plaintiffs are individuals who incurred small debts which their respective creditors assigned to the Defendant for collection. The Defendant, after its initial attempts to obtain payment of the debts were unsuccessful, forwarded the debts to its in-house "litigation department" for collection. This department, staffed by non-lawyers, reviewed the Plaintiffs' files and drafted judicial complaints to be filed against the debtors in the appropriate Mississippi Justice Court. The complaints were then forwarded to the Defendant's retained attorney who simply executed the complaints.

In each instance, the complaints made a demand for attorney's fees. The Justice Court, as part of the judgment rendered against the debtor, routinely granted the Defendant's request for an award of attorney's fees. The Plaintiffs in this action allege that the attorney's fee awards that the Defendant sought and obtained from the Justice Court had no relationship whatsoever to the services rendered by the Defendant's retained attorney. The Plaintiffs further allege that the Defendant, rather than paying its retained attorney the full amount of the awarded attorney's fee, retained at least part of the fee as compensation. The Plaintiffs claim that the Defendant's common practice of engaging in such conduct violates the Fair Practices Collection Act, 15 U.S.C. §§ 1692a–1692o (1994), and constitutes fraud and abuse of process.

### *Discussion*

#### A. *Federal Rule of Civil Procedure 23(a)*

■ The Plaintiffs must meet the prerequisites set out in Rule 23(a), in addition to satisfying either Rule 23(b)(1), (2), or (3), in

1. Also before the court is a motion by the Defendant to Strike Exhibits to the Plaintiffs' Motion for Class Certification (docket entry 67) and a motion by the Plaintiffs for Additional Time to Respond to the Defendant's Motion to Strike (docket entry 70). Upon due consideration, the court finds that the Defendant's motion should be denied and the Plaintiffs' motion should be denied as moot.

2. When ruling upon a motion for class certification, the merits of the case are not examined and the substantive allegations contained in the plaintiff's complaint are taken as true. *Eisen v. Carlisle and Jacquelin,* 417 U.S. 156, 177–78, 94 S.Ct. 2140, 2152–53, 40 L.Ed.2d 732 (1974); *In re Catfish Antitrust Litigation,* 826 F.Supp. 1019, 1033 (N.D.Miss.1993).

order to maintain this suit as a class action. Fed.R.Civ.P. 23; *See Applewhite v. Reichhold Chems., Inc.,* 67 F.3d 571, 573 (5th Cir.1995) (holding that burden of proof is on party seeking class certification); *Moore Video Distribs., Inc. v. Quest Entertainment, Inc.,* 823 F.Supp. 1332, 1338 (S.D.Miss.1993) ("[P]laintiff must make a prima facie showing in its pleading that it satisfies rule 23."). While the court has wide discretion in deciding whether to certify a class action, the court should not do so unless satisfied, after "rigorous analysis," that all prerequisites have been met. *Applewhite,* 67 F.3d at 573.

To qualify as a class action, the proposed class must initially meet all four requirements of subdivision (a) of Rule 23, commonly referred to as "numerosity," "commonality," "typicality," and "adequacy of representation." Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). The Plaintiffs contend that they meet the prerequisites under Rule 23(a). The court agrees.

### 1. Numerosity

■ To be certified, a proposed class must be "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). Practicability of individual joinder is the main focus of this requirement, but a court may also consider other factors including the number of claimants and the nature of the action. *See Watson, et al. v. Shell Oil Co.,* 979 F.2d 1014, 1022 (5th Cir.1992) (noting that numerosity requirement imposes no mechanical rules).

The Plaintiffs have submitted exhibits demonstrating that, in only two of Mississippi's eighty-two counties, over eighty potential class members exist. Faced with these numbers and the fact that the Defendant probably sued people all over the state[3], it is obvious that the Plaintiffs have met the numerosity prerequisite. *Moore Video Distribs., Inc.,* 823 F.Supp. at 1338 (noting that potential classes numbering over forty are usually certified; asserting class of seventy is sufficient to satisfy Rule 23(a)).

Numbering at least eighty and potentially numbering in the hundreds, this class is clearly so numerous that joinder of all members would be impracticable. Therefore, the court finds that the Plaintiffs have met the numerosity requirement.

### 2. Commonality

■ The second requirement that must be met as a prerequisite to class certification is that of commonality. Specifically, the court must be able to identify "questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2).

■ The Fifth Circuit has held that the threshold of commonality is not a high one. *Applewhite,* 67 F.3d at 573; *Moore Video Distribs., Inc.,* 823 F.Supp. at 1339 ("The rule requires only that resolution of the common questions affect all or a substantial number of the class members."). However, class certification requires that class members have at least two issues in common. *Applewhite,* 67 F.3d at 573.

In this action, the Plaintiffs seek relief on behalf of the purported class pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692a–1692o (1994), and under such common law theories as fraud and abuse of process. At least two common questions exist with respect to each class member: (1) whether the Defendant engaged in an unlawful pattern of conduct by seeking and obtaining judicial awards of attorney's fees for work performed by non-attorneys; and (2) whether the Defendant engaged in an unlawful pattern of conduct by retaining those attorney's fees as compensation rather than

---

3. The Defendant itself, in its memorandum brief to the court, suggested that this case will be "a state wide class action." Mem. In Supp. of Defendant's Prelim. Resp. to Plaintiffs' Mot. For Class Cert., p. 31.

paying the full awarded amount to its retained attorneys.

If potential class members were forced to proceed individually, each would have to prove the facts underlying this alleged scheme and the illegality of it. Such an imposition would run counter to the spirit of Rule 23. *See In re Catfish Antitrust Litigation*, 826 F.Supp. at 1034 ("Obviously, individual actions designed to prove identical elements would completely destroy any notions of judicial economy."). Thus, in light of the allegations of standardized conduct, the court finds that the Plaintiffs have demonstrated commonality sufficient to satisfy Rule 23(a).

### 3. Typicality

The third prong of Rule 23(a) requires the party seeking class certification to demonstrate that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R.Civ.P. 23(a)(3).

■ Typicality determines whether a sufficient relationship exists between the injury to the named plaintiffs and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct. In other words, for such a relationship to be shown, a plaintiff's injury must arise from or be directly related to the wrong inflicted upon the class. Thus, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory. *See e.g., In re American Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir.1996). A necessary consequence of the typicality requirement is that the representative plaintiff's interests will be aligned with those of the represented class, and in pursuing his own claims, the representative plaintiff will also advance the interests of the class members.

■ Typicality does not require the claims of the class members be identical; instead, a claim by a representative plaintiff may be deemed typical if it is one which members of the proposed class should reasonably be expected to raise. *In re Catfish Antitrust Litigation*, 826 F.Supp. at 1034–35.

Furthermore, in cases where it is alleged that the defendant engaged in a common scheme relative to all members of the class, there is a strong assumption that the claims of the representative plaintiffs will satisfy the typicality requirement. *Id.*

■ Typicality also requires that, at the time the class action is certified, all representative plaintiffs be a member of the class they purport to represent. *General Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 156, 102 S.Ct. 2364, 2370, 72 L.Ed.2d 740 (1982). In this regard, the Defendant states that Plaintiff Michael Walton is not a member of the putative class for two reasons. First, the Defendant asserts that Walton's Fair Debt Collection Practices Act claim is time barred. Second, the Defendant points out that Walton was not assessed attorney's fees as part of the final judgment rendered by the Justice Court against him.

■ As to the Defendant's first assertion regarding Walton, the court notes that the statute of limitations to bring suit for violations of the Fair Debt Collection Practices Act is one year. The Defendant sued Walton in Monroe County Justice Court on August 6, 1997, one year and twenty-one days prior to the commencement of the current action. Walton's claim is timely, however. The one year statute of limitations at issue begins to run "from the date on which the violation occurs", which in this action is the date that the Justice Court entered a judgment awarding the Defendant attorney's fees. *See* 15 U.S.C. § 1692k(d). Judgment was entered by the Monroe County Justice Court against Michael Walton on October 16, 1997, within one year of the August 28, 1998, filing date of this action. While the Justice Court judgment against Walton was ultimately amended and he was not required to pay attorney's fees to the Defendant, prior to that amendment an initial judgment awarding the Defendant attorney's fees was entered against Walton. Hence, Walton's claim is not barred by the statute of limitations.

The Defendant correctly points out, however, that Walton is not a class member because he was not assessed attorney's fees as part of the *final* judgment against him. Ap-

parently, Walton objected to the award of attorney's fees in his debt collection case; subsequently, the Justice Court amended its judgment and deleted the award. Therefore, while Walton may still have a claim against the Defendant for wrongfully seeking attorney's fees, he is not a member of this class. Only those individuals whose adverse final judgments included an award of attorney's fees are within the class as defined by the court. Therefore, Walton shall not be designated as a class representative and his claims are hereby dismissed without prejudice.

 The remaining Plaintiffs assert that their claims are typical of the class due to the fact that "each of the class members has been sued by the Defendant where attorney fees were sought and received for work performed by ... Defendant's non-lawyer staff" and "[a]ll class members' claims arise from the same practice of Defendant which gave rise to the named Plaintiffs' claims." Mem. In Supp. Of Plaintiff's Mot. For Class Cert., p. 9–10. Applying the above requirements, the court agrees.

All class members' claims arise from the Defendant's course of conduct in seeking, obtaining and retaining awards of attorney's fees from Mississippi Justice Courts during debt collection proceedings against the class members. Likewise, all class members claim that the Defendant's pattern of conduct violated the Fair Debt Collection Practices Act and constituted fraud and abuse of process. The alleged collective nature of the Defendant's conduct supports a finding of typicality as does the fact that the Plaintiffs' claims are directly related to the alleged wrongs inflicted upon the class. Further, the claims raised by the Plaintiffs are identical to the claims that each member of the class should be expected to raise.

The court finds that the Plaintiffs' claims arise from the same event or practice or course of conduct that gives rise to the claims of other class members, and their claims are based on the same legal theory. Further, the court can discern no adverse interests between the Plaintiffs and the other members of the class. In sum, because the substance of the Plaintiffs' claims is typical of the absent class members' claims, the court

holds that the Plaintiffs have met their burden with respect to this certification factor.

### 4. Adequacy of Representation

 The fourth and final requirement of Rule 23(a) is that the party seeking class certification must show that "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). This prerequisite is essential to due process, because a final judgment in a class action is binding on all class members. *Hansberry v. Lee,* 311 U.S. 32, 42–43, 61 S.Ct. 115, 118–119, 85 L.Ed. 22 (1940). This requirement overlaps the typicality requirement because in the absence of typical claims, the class representative may have less of an incentive to vigorously pursue the claims of the absent class members.

 This requirement entails an inquiry into whether the Plaintiffs' interests are antagonistic to those of the class and whether Plaintiff's counsel has the qualifications and experience necessary to competently conduct the litigation. *In re Catfish Antitrust Litigation,* 826 F.Supp. at 1037.

 While the burden in a class certification motion is on the Plaintiffs, the adequacy of the putative representatives and of Plaintiffs' counsel is presumed in the absence of specific proof to the contrary. *Falcon v. General Tel. Co. of the Southwest,* 626 F.2d 369, 376 n. 8 (5th Cir.1980), *vacated on other grounds,* 450 U.S. 1036, 101 S.Ct. 1752, 68 L.Ed.2d 234 (1981). The Defendant has not offered any proof suggesting that Plaintiffs Cantrell and McNairy will be inadequate class representatives. Moreover, the court discerns no potential conflicts between the interests of the Plaintiffs and the interests of the absent class members. Indeed, it is in the Plaintiffs' best interest to adequately represent the class because the Defendant's alleged misconduct was allegedly consistent and constituted a standard course of dealing with respect to all class members. In sum, the court is of the opinion that Plaintiffs Cantrell and McNairy have demonstrated a sufficient understanding of the nature of this class action and of their responsibility as class representatives to support a finding of adequacy under this rule.

■ The court also finds that Plaintiffs' counsel has met his burden in this regard. Plaintiffs' counsel, W. Howard Gunn, has substantial litigation experience as well as familiarity with the particular issues in the case *sub judice.* To date he has competently and vigorously maintained this suit, and the court is satisfied with his qualifications. *Horton v. Goose Creek Ind. Sch. Dist.,* 690 F.2d 470, 485 (5th Cir.1982) (noting that "adequacy requirement mandates an inquiry in to the zeal and competence of the representative's counsel."). However, as the Defendant points out, Gunn is a sole practitioner with a solitary office located in Aberdeen, Mississippi. Because this plaintiff class potentially includes hundreds of plaintiffs, Gunn may find it necessary to associate outside counsel to assist him. Should such a move become necessary, Gunn shall submit a motion to the court requesting that he be allowed to associate outside counsel. Such motion shall include sufficient information regarding the qualifications of Gunn's proposed co-counsel so that the court can make an informed determination as to their adequacy to be designated class counsel. The Defendant will be allowed to file a opposition response concerning the adequacy of Gunn's proposed co-counsel.

In sum, the court finds that both the Plaintiffs and Plaintiffs' counsel are adequate and have satisfied this requirement.

In light of the foregoing, the court finds that the Plaintiffs have satisfied all of the prerequisites set out under Rule 23(a). The court now directs its attention to an analysis of Rule 23(b).

### B. *Federal Rule of Civil Procedure 23(b)*

■ After satisfying the criteria set out in Rule 23(a), a party seeking class certification must also meet the requirements of Rule 23(b)(1), (2) or (3). *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 614, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997). The Plaintiffs seek certification pursuant to Rule 23(b)(3).

### 1. Certification under Rule 23(b)(3)

■ Rule 23(b)(3) provides that, in order to maintain a class action, a party must demonstrate that common questions of fact or law predominate over individual issues and that a class action is the superior method for maintaining the suit. Fed.R.Civ.P. 23(b)(3). Although peeking into the merits of the case at this stage is very premature, "[in] order to make the findings required to certify a class action under Rule 23(b)(3), one must initially identify the substantive law issues which will control the outcome of the litigation." *State of Alabama v. Blue Bird Body Co.,* 573 F.2d 309, 316 (5th Cir.1978).

### a. Predominance of Common Questions of Fact or Law

■ While this requirement was the closest and most difficult issue to decide in this matter, the court is of the opinion that common questions of fact and law predominate over individual issues in this litigation. The Plaintiffs allege that the Defendant's conduct was a common practice with respect to all class members and that such conduct violated, *inter alia,* the Fair Debt Collection Practices Act. As the class is defined by the court, each class member was sued by the Defendant debt collector in a Mississippi Justice Court regarding a small debt (less than twenty-five hundred dollars); further, each class member alleges that the Defendant's practice was to unlawfully seek and receive attorney's fees in the Justice Court debt collection proceedings.

■ Limiting class membership to such individuals assures that common questions of fact and law predominate over any individual issues that may be present. As this court has previously stated, "[t]he whole purpose of certifying a class action is to limit and hopefully avoid repetitive individual determinations of the Defendant's common practices and courses of conduct." *Mays, et al. v. National Bank of Commerce, et al.,* No. 1:96cv8–D–D, mem. op. at 14 (N.D.Miss. Nov. 19, 1998)(memorandum opinion and order granting motion for class certification). Moreover, class relief is "peculiarly appropriate" when the issues involved are common to the class as a whole and when they turn on questions of law applicable in the same manner to each member of the class. *Califano v. Yamasaki,* 442 U.S. 682, 701, 99 S.Ct. 2545, 2557, 61 L.Ed.2d 176 (1979). For in cases

such as this, "the class action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion under Rule 23." *Califano*, 442 U.S. at 701, 99 S.Ct. 2545.

The court finds that, in the case *sub judice*, any individual factual or legal issues that may arise will be secondary to the common questions concerning the Defendant's alleged course of conduct and its unlawfulness. Given the apparent standardized nature of the Defendant's debt collection activities, the court is convinced that common questions predominate. The court specifically finds that the following common factual and legal issues predominate over any individual issues in this litigation:

(a) Did the Defendant engage in a pattern, practice or scheme to seek attorney's fee awards from Mississippi Justice Courts for work performed by non-attorneys?

(b) Did the Defendant engage in a pattern, practice or scheme to retain attorney's fees as compensation for itself rather than paying the entire awarded fee to its retained attorneys?

(c) Did the Defendant's course of conduct violate the Fair Debt Collection Practices Act or constitute fraud or abuse of process?

As to the damages allegedly suffered by each member of the putative class, while the *amount* of damages suffered may have to be proven on an individual basis, the *fact* of injury is common to the class. As set out in the Plaintiff's Amended Complaint, each class member allegedly sustained damages by being required to pay attorney's fees to the Defendant which bore no relation to work performed by the Defendant's retained attorney and which were retained by the Defendant as compensation. Small differences in the amount of damages suffered by each class member will not preclude certification when the "fact of injury" is common to all, as is allegedly the case in this litigation. *In re Catfish Antitrust Litigation*, 826 F.Supp. at 1042; *See Mays, et al. v. National Bank of Commerce, et al.*, No. 1:96cv8–D–D, mem. op. at 14 (N.D.Miss. Nov. 19, 1998)(memorandum

opinion and order granting motion for class certification).

In sum, the class definition, as set forth by the court below, insures that common questions of fact and law predominate by limiting class membership to those individuals who claim that the Defendant wrongfully sought and obtained attorney's fee awards in consumer debt collection proceedings in Mississippi Justice Court. For these reasons and the reasons set forth earlier in this opinion regarding the commonality requirement, the court finds that the Plaintiffs have met their burden with respect to the first element of Rule 23(b)(3).

### b. Superiority

■ The second and final element under Rule 23(b)(3) requires that the party seeking class certification demonstrate that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3).

■ It is well established that class actions are often the superior form of adjudication when the claims of the individual class members are small. *Amchem*, 521 U.S. at 616–17, 117 S.Ct. 2231. Moreover, the Fifth Circuit has held that the "most compelling rationale for finding superiority in a class action" is the existence of a "negative value suit." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 420 (5th Cir.1998); *Castano v. American Tobacco Co.*, 84 F.3d 734, 748 (5th Cir.1996). A negative value suit is one in which the "stakes to each member are too slight to repay the cost of the suit." *In re Rhone–Poulenc Rorer, Inc.*, 51 F.3d 1293, 1300 (7th Cir.1995). The existence of such a suit in this case, with most class members having claims between fifty and two hundred dollars, supports the conclusion that a class action is superior to other available methods of adjudicating this controversy.

In light of the large number of potential class members, the strong predominance of common issues and the fact that individual claimants are unlikely to bring their small claims individually, the court concludes without reservation that a class action is superior to other methods of adjudication. The court is convinced that individual actions by claim-

ants would produce considerable duplication of effort, increase the cost of litigation and consume judicial resources through repetition. Furthermore, even though the individual claims are small, each class member has a stake in vindicating his rights, and the public has an interest in seeing that the Fair Debt Collection Practices Act is obeyed.

In sum, the court finds that certification of the proposed class will satisfy this element of Rule 23(b)(3). Class certification will safeguard judicial economy by limiting duplicative litigation, and the Plaintiffs will ensure uniform results for the absent class members.

### Conclusion

In summary, the Plaintiff's motion for class certification will be granted. The court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, finds that the Plaintiffs in this litigation have satisfied the prerequisites for class certification. In accord with the spirit of Rule 23 and the necessity of effective class management, the court is available to the parties to issue appropriate orders which the court deems to be in the best interest of the litigation.