**Wendy McWILLIAMS, individually and on Behalf of others similarly situated, Plaintiff**

v.

**ADVANCED RECOVERY SYSTEMS, INC.; Young Wells Williams, P.A., Defendants.**

**Cause No. 3:15–CV–70–CWR–LRA.**

United States District Court, S.D. Mississippi, Northern Division.

Signed Nov. 3, 2015.

Michael L. Greenwald, Greenwald David-son Radbil, PLLC, Boca Raton, FL, Shireen Hormozdi, Hormozdi Law Firm, LLC, Nor-corss, GA, for Plaintiff.

Laurie R. Williams, Charles Greg Cope-land, Copeland, Cook, Taylor & Bush, PA, Ridgeland, MS, for Defendants.

## *ORDER*

CARLTON W. REEVES, District Judge.

Before the Court is Wendy McWilliams's motion for class certification and appoint-ment of class counsel. Docket No. 49. The

motion is unopposed and ready for adjudication.

Federal Rule of Civil Procedure 23 governs class certification. Under Rule 23, the party seeking certification must first demonstrate that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a); *Steering Comm. v. Exxon Mobil Corp.*, 461 F.3d 598, 601 (5th Cir. 2006); *Walton v. Franklin Collection Agency, Inc.*, 190 F.R.D. 404, 408 (N.D.Miss.2000).

The party seeking certification must then show that at least one of the following three conditions is satisfied: (1) the prosecution of separate actions would create a risk of: (a) inconsistent or varying adjudications, or (b) individual adjudications dispositive of the interests of other members not a party to those adjudications; (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class; or (3) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed.R.Civ.P. 23(b); *Henderson v. Eaton*, No. Civ. A. 01–0138, 2002 WL 10464, at *1 (E.D.La. Jan. 2, 2002) (certifying class action under Fair Debt Collection Practices Act ("FDCPA")). Here, Ms. McWilliams seeks certification under Rule 23(b)(3).

Having considered Ms. McWilliams's motion and memorandum in support, the Court hereby certifies this matter as a class action, and certifies the following classes:

### The Notice Class

All persons located in the State of Mississippi to whom, between February 4, 2014 and February 4, 2015, Young Wells Williams, P.A. sent an initial written communication in connection with an attempt to collect any purported consumer debt owed to Advanced Recovery Systems, Inc.

### The Lawsuit Class

All persons located in the State of Mississippi to whom, between February 4, 2014 and February 4, 2015, Young Wells Williams, P.A. sent a summons, as part of a lawsuit filed against such person to collect a debt owed to Advanced Recovery Systems, Inc.

■ The Court finds that the proposed classes—which have hundreds of members each—are "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1).

■ The Court also finds that Ms. McWilliams's claims originate from the same conduct, practice, and procedure on the part of the defendants, namely the issuance of standardized initial debt collection letters and form summonses. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts—namely, whether the language in the form initial debt collection letter and form summons violate the FDCPA. As a result, Ms. McWilliams satisfies the commonality requirement of Rule 23(a)(2). *See, e.g., Roundtree v. Bush Ross, P.A.*, 304 F.R.D. 644, 659 (M.D.Fla. 2015) ("... Bush Ross issued standardized initial debt collection letters, charged and sought to collect fees incident to the collection of a debt, and included untimely debt collection disclosures in its foreclosure filings. The question of whether each of these actions by Bush Ross violates the FDCPA is a legal question common to all members of the putative class and requires proof of the same material facts."); *Walker v. Greenspoon Marder, P.A.*, No. 13–CV–14487, 2015 WL 233472, at *3 (S.D.Fla. Jan. 5, 2015) ("In this case, the Court finds that Plaintiffs have demonstrated that the claims of the class share a common contention capable of classwide resolution. By definition, the class contains only individuals who share a common question of law, i.e., whether the 'Notice[s] identical to that attached to Plaintiffs' Complaint' violate the FDCPA. (DE 43 ¶1). Each class member's claim will rise or fall with the resolution of that common conten-

tion; therefore, the commonality requirement is met.").

Likewise, the Court finds that Ms. McWilliams's claims are typical of the claims of absent class members, and Ms. McWilliams thus satisfies the typicality requirement of Rule 23(a)(3). *See Walker*, 2015 WL 233472, at *3.

The Court also finds that Ms. McWilliams satisfies the requirements of Rule 23(a)(4) because she "will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4); *see Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 129–30 (5th Cir.2005).

■ In addition, Ms. McWilliams has retained counsel experienced and competent in class action litigation. Ms. McWilliams's attorneys—Greenwald Davidson Radbil PLLC—have been appointed as class counsel in more than a dozen consumer protection class actions in the past two years. *See, e.g.*, *Prater v. Medicredit, Inc.*, No. 4:14–cv–00159, 2015 WL 4385682, at *1 (E.D.Mo. July 13, 2015); *Jones v. I.Q. Data Int'l, Inc.*, No. 1:14–cv–00130–PJK–GBW, 2015 WL 2088969, at *2 (D.N.M. Apr. 21, 2015); *Rhodes v. Olson Assocs., P.C. d/b/a Olson Shaner*, 83 F.Supp.3d 1096, 1114–15 (D.Colo.2015); *Roundtree*, 304 F.R.D. at 661; *Gonzalez v. Dynamic Recovery Solutions, LLC*, Nos. 14–24502, 14–20933, 2015 WL 738329, at *2 (S.D.Fla. Feb. 23, 2015). As a result, Ms. McWilliams satisfies the adequacy of representation requirement of Rule 23(a)(4).

■ In addition to satisfying Rule 23(a)(4), Ms. McWilliams's attorneys—Greenwald Davidson Radbil PLLC—satisfy the considerations of Rule 23(g). Because proposed class counsel have significant experience litigating similar consumer protection class actions and because of their work performed on behalf of Ms. McWilliams and the classes to date, the Court finds proposed class counsel satisfy Rule 23(g). As a result, the Court appoints Greenwald Davidson Radbil PLLC as class counsel.

■ The Court also finds that "the questions of law or fact common to class members predominate over any questions affecting only individual members." Fed.R.Civ.P. 23(b)(3). Here, common issues predominate because Ms. McWilliams's claims are based on standardized conduct by the defendants through their use of form initial debt collection letters and form summonses. Thus, the salient question for Ms. McWilliams and all class members is whether these standardized communications violate the FDCPA. For this reason, courts routinely find that claims based on form debt collection letters satisfy the predominance requirement of Rule 23(b)(3). *See, e.g., Sharf v. Fin. Asset Resolution, LLC*, 295 F.R.D. 664, 671 (S.D.Fla. 2014) ("Because the main issue in dispute in this case is whether form letters sent to Plaintiff and all other class members violate the FDCPA and FCCPA, common issues predominate.").

■ Finally, the Court finds that a class action is the superior method to adjudicate this controversy. *See Moore v. International Filing Co.*, No. 2:10–CV–86–KS–MTP, 2010 WL 2733116, at *3 (S.D.Miss. July 8, 2010). When evaluating the superiority requirement of Rule 23(b)(3), the Court must consider (1) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (3) the desirability or undesirability of concentrating the litigation of claims in the particular forum; and (4) the difficulties likely to be encountered in the management of a class action. Fed.R.Civ.P. 23(b)(3).

Because the claims in this case all arise from the same form debt collection letters and summonses, a class action is the superior vehicle for determining the rights of absent class members. *See Walton*, 190 F.R.D. at 412–13 ("In light of the large number of potential class members, the strong predominance of common issues and the fact that individual claimants are unlikely to bring their small claims individually, the court concludes without reservation that a class action is superior to other methods of adjudication. The court is convinced that individual actions by claimants would produce considerable duplication of effort, increase the cost of litigation and consume judicial resources through

repetition. Furthermore, even though the individual claims are small, each class member has a stake in vindicating his rights, and the public has an interest in seeing that the Fair Debt Collection Practices Act is obeyed."); *Castro v. Collecto, Inc.*, 256 F.R.D. 534, 543 (W.D.Tex.2009) ("Likewise, because the claims in this case are limited to whether the mailing of the letter to the class members was in violation of the FDCPA, the class action is the superior vehicle for determining the rights of debtors in this matter. The predominant form of requested relief is money damages, and therefore the Rule 23(b)(3) class action simultaneously provides a convenient and desirable mechanism for disposing of numerous debtors' actions, while protecting those individuals who wish to opt out of the class action because they do not want their claims decided in such a manner. Because the claims, defenses, facts, and substantive law present little complication for the Court to hear in the class action form, Plaintiff has established it is the superior method for the fair and efficient adjudication of this controversy.").

Accordingly, Ms. McWilliams's motion for class certification and appointment of class counsel is granted.

The Court certifies the following classes:

### The Notice Class

All persons located in the State of Mississippi to whom, between February 4, 2014 and February 4, 2015, Young Wells Williams, P.A. sent an initial written communication in connection with an attempt to collect any purported consumer debt owed to Advanced Recovery Systems, Inc.

### The Lawsuit Class

All persons located in the State of Mississippi to whom, between February 4, 2014 and February 4, 2015, Young Wells Williams, P.A. sent a summons, as part of a lawsuit filed against such person to collect a debt owed to Advanced Recovery Systems, Inc.

The Court appoints Wendy McWilliams as the class representative.

The Court appoints Michael L. Greenwald of Greenwald Davidson Radbil PLLC as Class Counsel.