**Aisland RHODES, on behalf of herself and others similarly situated,
Plaintiff,**

**v.**

**NATIONAL COLLECTION SYSTEMS, INC., Defendant.**

Civil Action No. 15–cv–02049–REB–STV

United States District Court,
D. Colorado.

Signed 11/03/2016

Michael Lewis Greenwald, Greenwald Davidson Radbil PLLC, Boca Raton, FL, for Plaintiff.

Charity A. Olson, Olson Law Group, Ann Arbor, MI, for Defendant.

## ORDER GRANTING MOTION FOR CLASS CERTIFICATION

Blackburn, District Judge

The matter before me is **Plaintiff's Motion for Class Certification and Appointment of Class Counsel [# 29],[1]** filed April 29, 2016. I grant the motion.

### I. JURISDICTION

I have jurisdiction over this matter under 15 U.S.C. § 1692k(d) (action to enforce liability under the Fair Debt Collection Practices Act) and 28 U.S.C. § 1331(federal question).

### II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 23, a class may be certified if the following requirements are met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of those of the class, and; (4) the representative parties will protect the interests of the class adequately. In addition, one of the three alternative requirements outlined in Rule 23(b) also must be satisfied. *Sibley v. Sprint Nextel Corp.*, 254 F.R.D. 662, 670 (D. Kan. 2008).

The question whether to certify a class certification is committed to the sound discretion of the trial court. *Anderson v. City of Albuquerque*, 690 F.2d 796, 799 (10th Cir. 1982). As the proponent of class certification, plaintiff bears a "strict burden of proof" to demonstrate the requirements of Rule 23 are satisfied. *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006). Nevertheless, because certified class may be altered, expanded, subdivided, or abandoned as the case develops,

---

1. "[# 29]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

**582**

*Daigle v. Shell Oil Co.*, 133 F.R.D. 600 (D. Colo. 1990), doubts as to the propriety of entertaining a class action should be resolved in favor of certification, *see Esplin v. Hirschi*, 402 F.2d 94, 99 (10th Cir. 1968) ("[I]f there is to be an error made, let it be in favor and not against the maintenance of the class action, for it is always subject to modification should later developments during the course of the trial so require.").

### III. ANALYSIS

This lawsuit arises from defendant's attempts to collect an unpaid debt from plaintiff. From March through September 2015, defendant left repeated voicemail messages on plaintiff's cell phone in which it neither identified itself as a debt collector nor stated the purpose of the call was to collect a debt. Plaintiff claims these communications violate the Fair Debt Collection Practices Act (the "FDCPA" or the "Act"), 15 U.S.C. §§ 1692d(6) & 1692e(11), and seeks certification of a class of all those similarly situated.

### A. CLASS DEFINITION

■ "Although not mentioned specifically in Rule 23 itself, a prerequisite to class certification is an appropriate class definition." *Maez v. Springs Automotive Group, LLC*, 268 F.R.D. 391, 394 (D. Colo. 2010). The adequacy of the class definition must be determined before the court addresses the other requirements of Rule 23. *Warnick v. Dish Network, LLC*, 301 F.R.D. 551, 556 (D. Colo. 2014), *appeal dismissed* (October 7, 2015). This latent aspect of the class certification inquiry—the question of "ascertainability"—"ensures that a proposed class will actually function as a class" by ascertaining "that class members *can* be identified." *Byrd v. Aaron's Inc.*, 784 F.3d 154, 162 (3rd Cir. 2015) (emphasis in original).

■ A class is sufficiently defined when potential class members can be identified by reference to objective criteria. *Rhodes v. Olson Associates, P.C.*, 83 F.Supp.3d 1096, 1111–12 (D. Colo. 2015). "[T]he description of the class must be sufficiently definite so that it is administratively feasible for the court to ascertain whether a particular individual is a member." *Joseph v. General Motors Corp.*,

109 F.R.D. 635, 639 (D. Colo. 1986). "[T]he district court has broad discretion to determine whether the class description is sufficiently definite." 5 James W. Moore et al., MOORE'S FEDERAL PRACTICE § 23.21[5] at 23-61 (3rd ed. 1999).

■ Plaintiff here seeks to represent a class defined as follows:

All persons with an address in Colorado (1) for whom National Collection Systems, Inc. left, or caused to be left, a voice message, (2) in connection with collection of a consumer debt, (3) from September 17, 2014 to September 17, 2015, (4) that failed to state (a) National Collection Systems, Inc.'s name, or (b) that National Collection Systems, Inc. is a debt collector.

Plaintiff insists members of this proposed class can be identified through defendant's own records. Defendant maintains recordings of all voicemail messages it has left for consumers from whom it attempts to collect debts for the past six years. During the proposed class period, defendant attempted to collect a debt from some 3,854 people with a Colorado address. Thus, plaintiff proposes direct mail notice be provided to these individuals; defendant's voicemail recordings then can be cross-checked against the names of any of person who submits a verified claim avowing to their eligibility for participation in the class.

Defendant insists there is no administratively feasible way to determine membership in the class because it has no standardized abbreviation or other notation indicating when a voicemail message has been left. Nor does it have any way of knowing the content of any particular message from the representatives' notes alone because its representatives do not operate from a standardized script. These arguments fail for at least three reasons.

First, the evidence before the court shows that, while defendant may not have a script it requires representatives to follow, its "kinder, more interactive approach" to debt collection efforts recognizes that "borrowers do not like to be called by 'bill collectors.'" National Credit Management, **Mission Statement** (available at https://www.ncmstl.

com/ncmcoll.html) (last accessed October 31, 2016). Coupled with defendant's admission that it does not inform its representatives that they are legally required to identify themselves as calling on behalf of a debt collector or with the purpose to collect a debt, it is reasonable to infer that the failure to do so in its multiple communications with plaintiff is not an isolated or unique circumstance.

Second, it is clear defendant has made no real effort to ascertain whether it in fact can identify any potential class members. Its suggestion that doing so would be difficult or impossible therefore rings hollow. Indeed, at his deposition, defendant's corporate representative was able to identify notations in the representatives' notes of their attempts to contact plaintiff indicating that messages had been left. *See Rhodes*, 83 F.Supp.3d at 1112 (D. Colo. 2015) ("That Defendant may need to search its existing records does not mean, however, that this class is "unascertainable.' "). That these notations may be idiosyncratic, may not always be accurate, or in individual cases may be omitted all together, does not defeat ascertainability wholesale. *See Cook v. Rockwell International Corp.*, 151 F.R.D. 378, 382 (D Colo. 1993) (quoting 7A Charles A. Wright et al., **Federal Practice & Procedure**, § 1760 at 117-18 (3rd ed.)) ("[T]he class does not have to be so ascertainable that every potential member can be identified at the commencement of the action ... If the general outlines of the membership of the class are determinable at the outset of the litigation, a class will be deemed to exist.") (footnotes omitted).

Nor does the court perceive a danger of "extensive and individualized fact-finding or 'mini-trials' " arising from the proposed class definition. *Carrera v. Bayer Corp.*, 727 F.3d 300, 303–04 (3rd Cir. 2013). The inquiries relevant to membership in the class *vel non*—whether defendant left a message in which it identified itself by name and/or stated that it was a debt collector—are succinct and factual.[2] Defendant's representatives either made these required disclosures or they did not. That determination requires little

fact-finding in the sense that would make the class unascertainable.

Finally, to countenance defendant's argument would put the court's imprimatur on potentially confusing and rather inadequate record keeping, undoubtedly inviting other debt collectors to adopt similarly lax procedures as an easy end run around class action lawsuits. Courts rightly condemn this a facile manner. *See Smith v. Greystone Alliance LLC*, 2010 WL 2680147 at *3 (N.D. Ill. June 30, 2010); *Drossin v. National Action Financial Services, Inc.*, 255 F.R.D. 608, 614 (S.D. Fla. 2009); *Macarz v. Transworld Systems, Inc.*, 193 F.R.D. 46, 57 (D. Conn. 2000). This court joins them.

The court thus finds and concludes that the class definition is adequate and the class ascertainable. It thus turns to the explicit requirements of Rule 23.

## B. RULE 23(a)

Both the structure of the Act and the potential recovery available to any individual plaintiff thereunder make class action treatment of FDCPA claims particularly appropriate. Because "Congress explicitly provided for class damages in the FDCPA" and "intended the FDCPA to be self-enforcing by private attorney generals," "[r]epresentative actions ... appear to be fundamental to the statutory structure of the FDCPA." *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3rd Cir. 2004), *as amended* (Oct. 22, 2004), *abrogated on other ground by Campbell–Ewald Co. v. Gomez*, —— U.S. ——, 136 S.Ct. 663, 193 L.Ed.2d 571 (2016). Moreover, "[l]acking this procedural mechanism, meritorious FDCPA claims might go unredressed because the awards in an individual case might be too small to prosecute an individual action." *Id. See also Phillips Petroleum v. Shutts*, 472 U.S. 797, 809, 105 S.Ct. 2965, 2973, 86 L.Ed.2d 628 (1985) ("Class actions ... permit the plaintiffs to pool claims which would be uneconomical to litigate individually;" where potential individual recoveries are *de minimis*, "most of the plaintiffs would have no realistic day in Court if a class action were not available").

---

2. Moreover, based both on the text of voicemail messages left for plaintiff and common sense, it seems likely that each individual voicemail message is exceptionally brief.

For these reasons, FDCPA claims commonly are certified as class actions. Examining the requirements of Rule 23, the court finds certification appropriate in this case as well.

### 1. Numerosity

■ Rule 23(a)(1) requires the proposed class be so numerous that joinder of all members of the class is impracticable. There is no minimum numerical threshold which satisfies this requirement. *See Rex v. Owens ex rel. State of Oklahoma*, 585 F.2d 432, 436 (10th Cir. 1978). Rather, the nature of the particular case and the nature of the proposed class are key considerations in determining whether joinder of all parties is impractical. *See, e.g., Horn v. Associated Wholesale Grocers, Inc.*, 555 F.2d 270, 274–76 (10th Cir. 1977).

■ Although the exact number of class members is yet to be quantified, defendant acknowledges that during the class action period, it sought to collect debts from 3,854 people with a Colorado address. It thus has abandoned any argument that the class is insufficiently numerous. Moreover, because defendant does not require representatives to identify defendant by name or confirm the purpose of the call, the court may reasonably infer at this juncture that the potential class is sufficiently numerous. *See Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223, 233–34 (C.D. Cal. 2003) ("Plaintiffs are not required to quantify with precision the number of class members, but ... may rely on reasonable inferences drawn from the available facts in estimating the size of the class."); *Ditty v. Check Rite, Ltd.*, 182 F.R.D. 639, 641 (D. Utah 1998) ("Nor is it necessary that the plaintiffs identify the exact number of class members involved; courts have often used common sense assumptions to support a finding of numerosity.").[3]

The court therefore finds the requirement of numerosity satisfied.

### 2. Commonality and Typicality

■ Rule 23(a)(2) requires the claims of members of the proposed class present "common questions of law or fact." Complete identity of legal claims among class members is not required. Rather, this provision requires there be two or more issues whose resolution will affect all or a significant number of the members of the proposed class. *See Stewart v. Winter*, 669 F.2d 328, 335 (5th Cir. 1982). In addition, Rule 23(a)(3) requires that the claims of a proposed class representative be typical of the claims of the class. The typicality requirement is satisfied if there are common questions of law or fact. *Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir. 1982), *cert. denied*, 460 U.S. 1069, 103 S.Ct. 1524, 75 L.Ed.2d 947 (1983); *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988). Thus, "[t]he commonality and typicality requirements tend to merge," although both "serve as guideposts for determining whether ... maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are [sufficiently] interrelated." *General Telephone Company of Southwest v. Falcon*, 457 U.S. 147, 157 n.13, 102 S.Ct. 2364, 2370 n.13, 72 L.Ed.2d 740 (1982).

Defendant contends individual issues will predominate over common ones in this matter "because the circumstances and content of each message at issue must be analyzed individually." According to defendant,

> [s]imply leaving a message on any individual's voicemail based on a number, without knowing (1) what the individual message was; (2) whether the message is ever actually received or, if it is received; and (3) wherever that message may actually go, is not a violation of the FDCPA.

(**Def. Opp. Br.** at 11 [# 41], filed July 19, 2016.) Of these three supposed barriers, only the first bears discussion,[4] and then only

---

3. Moreover, the court retains sufficient flexibility to revisit this issue if further discovery puts it in some doubt. *See Daigle*, 133 F.R.D. at 602.

4. The second is illusory. (Aside from the fact that nothing in the Act requires the challenged communication have been "actually received" by the putative debtor, the court anticipates class members' self-identification—as cross-checked against defendant's records—will necessarily answer the question of receipt.) The third is, frankly, nonsensical.

insofar as to note that, following proper review and vetting of defendant's records, only those persons who received calls which meet the criteria of the class definition will become part of the class.

 Here, there are plainly common questions of fact and law. Each putative class member, were she to bring suit individually, would have to prove defendant left a voicemail message during the class period in which it failed to identify itself and/or its purpose to collect a debt, as well as establish that such failure constitutes a violation of the FDCPA. *See, e.g.,* ***Manno v. Healthcare Revenue Recovery Group, LLC,*** 289 F.R.D. 674, 685 (S.D. Fla. 2013); ***Rhodes,*** 83 F.Supp.3d at 1112–13. Moreover, plaintiff's claims challenge the same conduct that would be challenged by the class. *See* ***Maez,*** 268 F.R.D. at 396. There is no argument made that plaintiff is subject to unique defenses, nor any contention that potential factual differences between the exact wording of each voicemail message defeat typicality. *See* ***Rhodes,*** 83 F.Supp.3d at 1113-14 (because FDCPA violations are judged by an objective "least sophisticated consumer" standard, court does "not have to make an individual determination of each potential class member's subjective understanding of the [debt collection] letter in question") (citation and internal quotation marks omitted). The court therefore finds these requirements satisfied as well.

### 3. Adequacy of representation

 Rule 23(a)(4) requires a proposed class representative adequately protect the interests of the class as a whole. This requirement is intended to ensure the class representative has sufficient interests in common with the class to adequately assert and protect the interests of the class. The adequate representation requirement concerns both the representative's willingness and ability to control the litigation and to protect the interests of the class as a whole and the competence of the class representative's counsel. *See, e.g.,* ***Horton v. Goose Creek Independent School District,*** 690 F.2d 470, 484 (5th Cir. 1982), ***cert. denied,*** 463 U.S. 1207, 103 S.Ct. 3536, 77 L.Ed.2d 1387 (1983).

 There is no suggestion here to counter plaintiff's attestation that she is willing and able to fulfill her responsibilities as the class representative to control the litigation and to protect the interests of the class as a whole. Moreover, and as discussed more fully below, the court finds and concludes that counsel for the proposed class has demonstrated ample competence to represent the named plaintiff and the class in this case. This final requirement of Rule 23(a) therefore also is satisfied

### C. RULE 23(b)

 As noted above, in addition to satisfying the requirements of Rule 23(a), a putative class action must meet also the requirements of at least one subsection of Rule 23(b). Plaintiff here seeks to proceed under Rule 23(b)(3), which permits class certification if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3).

 Predominance focuses on the question of liability. ***Queen Uno Ltd. Partnership v. Coeur D'Alene Mines,*** 183 F.R.D. 687, 695 (D. Colo. 1998). "[I]f the liability issue is common to the class, common questions are held to predominate over individual questions." ***Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*** 114 F.R.D. 48, 52 (S.D.N.Y.1987) (citation and internal quotation marks omitted). The liability issue at the heart of the claims of each putative class member and clearly predominates over any potential individual issues.

Moreover, and despite defendant's assertion to the contrary, the requirement of superiority also is satisfied on the facts here. Recovery in any individual suit likely would be limited to the statutory maximum of $1,000. *See* 15 U.S.C. §§ 1692k(a)(1) & (2)(A). The majority of claims thus may be expected to involve small dollar amounts which individual class members would be unlikely or un-

able (due to the difficulty of engaging counsel interested in such small claims) to pursue on their own. *See Rhodes*, 83 F.Supp.3d at 1115 ("[T]he potential recovery for an individual plaintiff is unlikely to provide sufficient incentive for individual members to bring their own claims."). *See also Queen Uno Ltd. Partnership*, 183 F.R.D. at 695; *Cook v. Rockwell International Corp.*, 181 F.R.D. 473, 482 (D. Colo. 1998), *overruled on other grounds by Jiron v. City of Lakewood*, 392 F.3d 410, 417 (10th Cir. 2004). In addition, the calculation of statutory damages under the Act is straightforward and derived by reference to a simple statutory formula. *See* 15 U.S.C. § 1692k(a)(2)(B).

As none of the remaining considerations specified in Rule 23(b)(3) are relevant, see FED. R. CIV. P. 23(b)(3)(A)-(D), the court finds and concludes that the certification of a class in this case pursuant to Rule 23(b)(3) is appropriate and warranted.

### D. RULE 23(g)

Under Rule 23(g), the court must appoint class counsel when a class is certified. Factors relevant to the appointment of class counsel are the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class. FED. R. CIV. P. 23(g)(1)(A)(i)-(iv).

Defendant presents no challenge to plaintiff's assertion that her counsel are experienced in the prosecution of consumer protection class actions, including class actions under the FDCPA in this district. *See Rhodes*, 83 F.Supp.3d at 1114. *See also McWilliams v. Advanced Recovery Systems, Inc.*, 310 F.R.D. 337, 340 (S.D. Miss. 2015) (noting plaintiff's counsel "have been appointed as class counsel in more than a dozen consumer protection class actions in the past two years" and citing cases). Based on counsel's experience in the relevant area

of law, and their conduct thus far in this case, the court finds and concludes that plaintiff's counsel is amply qualified to act as counsel for the class and thus satisfies the requirements outlined in Fed. R. Civ. P. 23(g).

### E. NOTICE

Under Rule 23(c)(2)(B), "the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort" when a class is certified under Rule 23(b)(3). The court will direct plaintiff to file a proposed form of notice to members of the class and to propose a method for directing such notice to the members of the class. After defendant has had an opportunity to respond to plaintiff's proposals, the court will direct a form of notice and a method of notifying the members of the class.[5]

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Motion for Class Certification and Appointment of Class Counsel** [# 29], filed April 29, 2016, is granted;

2. That a plaintiff class is certified and defined as follows:

All persons with an address in Colorado (1) for whom National Collection Systems, Inc. left, or caused to be left, a voice message, (2) in connection with collection of a consumer debt, (3) from September 17, 2014 to September 17, 2015, (4) that failed to state (a) National Collection Systems, Inc.'s name, or (b) that National Collection Systems, Inc. is a debt collector;

3. That Greenwald Davidson Radbill PLLC are appointed as counsel for the plaintiff class;

4. That on or before **January 17, 2017,** plaintiff shall file a proposed form of notice to members of the class and a proposal for directing notice to the members of the class, in compliance with Fed. R. Civ. P. 23(c)(2)(B); and

---

5. Of course, the court encourages the parties to confer in good faith regarding the proposed form of notice and the proposed method of class notifi-

cation. If they parties are able to reach agreement, they may and should file a joint or stipulated proposal.

5. That the deadlines for filing a response and any reply shall be governed by **D.C.COLO.LCivR** 7.1(d).