United States Court of Appeals,

Fifth Circuit.

No. 94-60545.

Dessie Lee APPLEWHITE, et al., Plaintiffs-Appellants,

v.

REICHHOLD CHEMICALS, INC., Defendant-Appellee.

Oct. 31, 1995.

Appeal from the United States District Court for the Southern District of Mississippi.

Before WISDOM, GARWOOD and DAVIS, Circuit Judges.

WISDOM, Circuit Judge.

The appellants seek review of the district court's refusal to certify a class action lawsuit and its dismissal of the appellants' complaint. We AFFIRM the district court's denial of class certification but VACATE the dismissal and REMAND for reconsideration of whether dismissal is appropriate in this case.

I.

Reichhold Chemicals, Inc., the defendant/appellee, operated a chemical manufacturing plant in Columbus, Mississippi between January 1975 and March 1977. Operations at the plant closed after an explosion and fire in 1977. In 1984, the Reichhold site was designated for cleanup under the EPA Superfund after the discovery of toxic wastes at the site.

Numerous suits were filed against Reichhold Chemicals. In 1989, in one of these cases, *Levell Mark et al. v. Reichhold Chemicals, Inc.,* a class was certified under Federal Rule of Civil Procedure 23(b)(1)(B) for the resolution of punitive damage claims against Reichhold Chemicals. The notice of certification provided

that only those litigants with a lawsuit pending against Reichhold or filed within sixty days from the date of notice seeking punitive damages and who were found entitled to compensatory damages would be eligible to share in the class's recovery.

The plaintiff/appellants filed this suit in response to the punitive damages class notice. Dessie Lee Applewhite, along with two hundred other plaintiffs, filed this suit seeking both compensatory and punitive damages from Reichhold Chemicals for injuries allegedly caused by the defendant's operations in Columbus. This action was originally filed in the *Mark* case. The case, however, was subsequently re-captioned *Dessie Lee Applewhite et al. v. Reichhold Chemicals, Inc.*

In 1993, the plaintiffs, in a joint motion with plaintiffs in the case of *Delores Abram et al. v. Reichhold Chemicals, Inc.,* filed a motion for class certification under Rule 23(b)(3). After some discovery, the district court denied the plaintiffs' motion for class certification. The district court also dismissed the plaintiffs' complaint without prejudice based on a March 3, 1992 order in the *Mark* case requiring all subsequent suits against Reichhold Chemicals regarding the Columbus site to be filed separately. On appeal, the plaintiffs challenge both of these decisions.

## II.

The district court has wide discretion in deciding whether to certify a class action.[1] We review this decision for an abuse of

---

[1]*Jenkins v. Raymark Industries, Inc.,* 782 F.2d 468, 471-72 (5th Cir.1986).

discretion.[2] The party seeking class certification has the burden of showing that the requirements for a class action have been met.[3] There are six basic requirements for a Rule 23(b)(3) class action suit. First, Rule 23(a) imposes four prerequisites: numerosity, commonality, typicality, and adequacy of representation. In addition, Rule 23(b)(3) requires that the common factual and legal issues predominate and that the movant show that a class action is the superior method of adjudication.[4]

The district court determined that the plaintiffs had "totally failed to meet the requirements of Rule 23 for certification of the proposed class."[5] We agree. On appeal, the plaintiffs' brief fails to address two of the six requirements for class action certification.[6] Failure to brief and argue these issues constitutes waiver.[7] Also, in regard to the commonality

[2]*Id.* at 472.

[3]*Zeidman v. J. Ray McDermott & Company, Inc.,* 651 F.2d 1030, 1038 (5th Cir.1981).

[4]*See, Jenkins,* 782 F.2d at 472-73.

[5]The district court's memorandum opinion denying class certification and dismissing the plaintiffs' complaint, Record, volume 2 at 272.

[6]The plaintiffs' brief fails to address the requirements of Rule 23(b)(3) that the common issues predominate over those issues affecting individual litigants and that the movant show that a class action is the superior method of adjudication.

[7]*Gann v. Fruehauf Corporation,* 52 F.3d 1320, 1328 (5th Cir.1995) (deeming a claim abandoned on appeal because the appellant did not "advance arguments in the body of his brief in support of his appeal of his ... claims"); *Cavallini v. State Farm Mutual Auto Insurance Company,* 44 F.3d 256, 260 n. 9 (5th Cir.1995) (noting that "the failure to provide any legal or factual analysis of an issue results in waiver of that issue"); *United States v. Maldonado,* 42 F.3d 906, 910 n. 7 (5th Cir.1995) (refusing to consider an issue because it was not discussed in

requirement, the plaintiffs only assert one common issue.[8] Although the threshold for commonality is not high, class certification requires at least two issues in common.[9] Furthermore, the plaintiffs seek a Rule 23(b)(3) class action which requires that the common issues predominate. If the plaintiffs cannot identify more than one common issue, they cannot argue that the common issues predominate this litigation. Finally, the omissions in the plaintiffs' appellate brief, as well as counsel's conduct below, counsels against a finding that the class members would be adequately represented. Since the plaintiffs have failed to demonstrate that their case meets the requirements of Rule 23, we hold that the district court did not abuse its discretion when it denied class certification.

The plaintiffs also argue that the district court erred when it dismissed their complaint without prejudice based on a blanket order that all future suits against Reichhold Chemicals should be filed separately.[10] Generally, permissive joinder of plaintiffs

---

the appellant's brief).

[8] In their brief, the plaintiffs argue that the common issue is the defendant's gross negligence. The plaintiffs close their section on commonality by stating that "the parties to this litigation have one or more issues of law or fact common to them all". The plaintiffs choose not to identify what these additional common issues are, if any. We will not attempt to identify those issues on behalf of the plaintiffs.

[9] *Stewart v. Winter,* 669 F.2d 328, 335 n. 16 (5th Cir.1982) (noting that "by its terms, Rule 23(a)(2) requires more than one common question").

[10] The plaintiffs also maintain that the district court's dismissal violates their rights to due process and equal protection of the laws as well as the doctrine of separation of powers. The plaintiffs cite no authority in support of these arguments. In the light of the plaintiffs failure to adequately

under Federal Rule of Civil Procedure 20 is at the option of the plaintiffs, assuming they meet the requirements set forth in Rule 20.[11] Under Rules 20 and 21, the district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice.[12] Further, the district court also has discretion to sever claims under Federal Rule of Civil Procedure 42(b), in furtherance of convenience or economy, or to prevent prejudice. This discretion, however, should be exercised after an examination of the individual case. Thus, we remand this case for the district court to consider whether the plaintiffs are properly joined and whether they should be allowed to continue in one action.

                                   III.

We AFFIRM the district court's decision not to certify a class action under Rule 23(b)(3) but VACATE the dismissal and REMAND for further proceedings on the issues of joinder and the advisability of severance.

---

brief these issues and our decision to vacate the dismissal and remand, we do not address the plaintiffs constitutional arguments.

[11]*Field v. Volkswagenwerk AG,* 626 F.2d 293, 299 (3rd Cir.1980). Rule 20 requires that all of the plaintiffs' claims arise out of the same transaction or occurrence and that there is a common issue of fact or law. *See, Demboski v. CSX Transportation, Inc.,* 157 F.R.D. 28, 29-30 (S.D.Miss.1994).

[12]*Mosley v. General Motors Corporation,* 497 F.2d 1330, 1332-33 (8th Cir.1974); *see also, Demboski,* 157 F.R.D. at 29; *Hanley v. First Investors Corporation,* 151 F.R.D. 76, 77-80 (E.D.Tex.1993).