IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40789
Conference Calendar
_____

STANLEY T. ALEXANDER,

                                        Plaintiff-Appellant,

versus

ORLANDO PEREZ; R. WALLACE; ANGLE, Ms.; GEORGE
STEPHENSON; DAVID. M. BLACKWELL; DONALD J. HULSEY,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-98-CV-20
- - - - - - - - - -

June 15, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Stanley T. Alexander (#695814), a state prisoner, has appealed the magistrate judge's judgment dismissing his civil rights action as frivolous. Alexander contends that the district court dismissed his due process and retaliation claims prematurely. Alexander has no cognizable claim related to his custody classification. Sandin v. Conner, 515 U.S. 472 (1995); see Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). The magistrate judge did not abuse her discretion in determining that

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Alexander had failed to allege a chronology of events from which it could be inferred that the defendants were motivated to retaliate against him.  See Johnson v. Rodriquez, 110 F.3d 299, 310 (5th Cir. 1997); Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

Alexander contends that the magistrate judge was biased against him.  Adverse rulings alone do not call into question a judge's impartiality.  Liteky v. United States, 510 U.S. 540, 555 (1994).

In the district court, Alexander contended that the defendants conspired against him, that Wallace was not properly trained and supervised, and that his right to equal protection had been violated.  Alexander has abandoned these issues by failing to present any argument regarding them on appeal.  See Applewhite v. Reichhold Chemicals, Inc., 67 F.3d 571, 573 (5th Cir. 1995).

Because the appeal is frivolous, it is DISMISSED.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.  The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g).  We caution Alexander that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.