**EL AGUILA FOOD PRODUCTS, INC., La Ranchera Food Products, Inc., La Reina, Inc., Anita's Mexican Foods Corp. and La Espiga De Oro, Inc., Plaintiffs,**

v.

**GRUMA CORPORATION, Individually and d/b/a Mission Foods Corporation, Gruma Corporation Texas, Mission Foods Corporation, Guerreo Mexican Food Products, Inc., Azteca Milling L.P., Bimbo Bakeries USA, Inc., and Tia Rosa Bakery of Texas, Inc., Defendants.**

No. Civ.A. G–01–434.

United States District Court, S.D. Texas, Galveston Division.

Oct. 2, 2001.

Alton C. Todd, Attorney at Law, Friendswood, TX, Thomas M. Stanley, Eastham, Watson, Dale & Forney, Houston, TX, for plaintiffs,

Gregory S C Huffman, Thompson and Knight, Dallas, TX, for Gruma Corporation, Mission Foods Corporation, Guerrero Mexican Food Products Inc., and Azteca Milling LP.

Eugene Montgomery Nettles, Porter & Hedges, Houston, TX, Clay D. Humphries, Attorney at Law, Perry J. Cockerell, Evelyn R. Leopold, Canty & Hanger, Fort Worth, TX, for Bimbo Bakeries USA Inc. and Tia Rosa Bakery of Texas Inc.

## ORDER DENYING DEFENDANTS' MOTION TO SEVER AND MOTION TO TRANSFER VENUE

KENT, District Judge.

Five tortilla manufacturers and distributors join in this action seeking monetary and injunctive relief pursuant to the antitrust laws of the United States and the antitrust, unfair competition and common laws of Texas and California. Now before this Court are a Motion to Sever and Motion to Transfer Venue filed by Defendants Gruma Corporation (individually, as successor to Mission Foods Corporation and Guerrero Mexican Food Products, Inc., and d/b/a Mission Foods Corporation and Guerrero Mexican Food Products) and Azteca Milling L.P. (collectively, "Gruma") on August 29, 2001. For the reasons articulated below, Gruma's Motion is **DENIED.**

### I. Background

Plaintiffs El Aguila Food Products, Inc., La Ranchera Food Products, Inc., La Reina, Inc., Anita's Mexican Foods Corp. and Espiga De Oro, Inc. (collectively, "Plaintiffs") manufacture and distribute tortillas for sale in interstate commerce. The retail sale of tortillas occurs primarily in supermarkets, independent stores and convenience stores. Corn and flour tortillas comprise the bulk of these sales, with additional varieties constituting a much smaller portion of overall tortilla purchases. In this action, Plaintiffs allege that Gruma engaged in a lengthy course of anti-competitive conduct, the cumulative effect of which has substantially foreclosed or harmed competition in the Texas and California retail tortilla markets.

Plaintiffs' Complaint alleges anti-competitive conduct in only two particular locations: Texas and California. All of the

parties involved in this litigation primarily transact business in one of these two states. The Defendants are incorporated in various states, but all are headquartered in Texas. Three of the five Plaintiffs, El Aguila Food Products, Inc., La Reina, Inc., Anita's Mexican Foods Corp. (collectively, "California Plaintiffs"), are California corporations that maintain principal places of business in California. The two additional Plaintiffs, La Ranchera Food Products, Inc. and La Espiga De Oro, Inc. (collectively, "Texas Plaintiffs"), are Texas corporations that transact business primarily in the Houston, Texas area. Central to the instant motion is the fact that the California Plaintiffs directly compete with Gruma in California, but do not compete with Gruma in Texas. Likewise, the Texas Plaintiffs directly compete with Gruma in Texas, but not in California.

## II. *Motion to Sever*

Gruma contends that Plaintiffs are misjoined and request that this Court sever the claims of the California Plaintiffs and order that those claims be transferred to the Central District of California. Alternatively, Gruma contends that even if Plaintiffs are properly joined, severance is necessary to avoid confusion of the jury and to prevent prejudice to Gruma.

### A. *Joinder Under Fed.R.Civ.P. 20*

The first sentence of Fed. R.Civ.P. 20(a) provides that multiple persons may join as plaintiffs "if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of these persons will arise in the action." This language furnishes two tests for permissive joinder: (1) the incidence of some question of law or fact common to all parties; and (2) the existence of a right to relief predicated upon or arising out of a single transaction or occurrence. Both tests must be satisfied if joinder is to be authorized. *See Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 n. 11 (5th Cir.1995) ("Rule 20 requires that all of the plaintiffs' claims arise out of the same transaction or occurrence and that there is a common issue of fact or law"); *Nor–Tex Agencies, Inc. v. Jones*, 482 F.2d 1093, 1100 (5th Cir.1973) (trial court did not abuse its discretion in permitting addition of party whose claim arose from same series of occurrences as plaintiff's claims and the claims presented common questions of law and fact). Generally, permissive joinder is at the option of the plaintiffs, assuming they meet the requirements set forth in Fed.R.Civ.P. 20(a). *See Applewhite*, 67 F.3d at 574. If these requirements are not satisfied, a District Court has broad discretion to sever a claim based on the misjoinder of parties. *See Rice v. Sunrise Express*, 209 F.3d 1008, 1016 (7th Cir.2000) ("[i]t is within the district court's broad discretion whether to sever a claim under Rule 21"); *Applewhite*, 67 F.3d at 574 ("the district court has discretion to sever an action if it is misjoined"). Severed claims become entirely independent actions to be adjudicated and judgment entered thereon. *See McDaniel v. Anheuser–Busch, Inc.*, 987 F.2d 298, 304 n. 19 (5th Cir.1993).

Gruma argues that the California Plaintiffs and Texas Plaintiffs are misjoined because their respective claims do not arise out of the same transaction or occurrence or series of transactions or occurrences and hence fall outside the scope of Rule 20(a). Therefore, Gruma contends that the California Plaintiffs' claims must be adjudicated independently from the claims of the Texas Plaintiffs. Plaintiffs insist, however, that the several rights of the two Plaintiff groups do arise out of the same "series of transactions or occurrences" and that questions of law and fact

"common to all of them will arise in the action."

Whether Plaintiffs are properly joined must be determined in light of the pleadings now before this Court. Plaintiffs aver a variety of facts: First, Plaintiffs identify themselves as tortilla manufacturers and distributors who directly compete with Gruma for the retail sale of tortillas in California and Texas. Within these two markets, Gruma is alleged to have carried out predatory and exclusionary conduct to grow or maintain Gruma's market share, dominance and market power and to eliminate competitors and competition. In order to garner monopoly power, Gruma: (1) allegedly acquired competing manufacturers in Texas and California and continued to utilize their established labels; (2) allegedly controlled and tried to control the economic viability of competitors through corn flour and financial payments to retailers; and (3) allegedly utilized slotting allowances, exorbitant space and display payments and exclusivity requirements in an effort to eliminate the availability and visibility of competing products. Initially, Gruma's anti-competitive strategy was implemented in California. However, following the Mission–Gruma merger and Gruma's subsequent relocation to Texas in the mid–1990's, Gruma expanded the same plan, purpose, and strategy into the Texas market. After the relocation, the alleged programs and strategies giving rise to this litigation were formulated in the State of Texas by Gruma executives who control, from Gruma's Texas headquarters, Gruma's fundamental marketing strategies carried out in both Texas and California.

In light of the above allegations, it appears that although the relevant programs and practices in Texas and California were implemented separately and apart from each other, at different times, in different stores, for different amounts, involving different consumers, and consequently, the damage to each Plaintiff is different, Plaintiffs have charged one continuous, consistently anti-competitive plan extending over several years, whereby each of them was damaged for the same reason and in the same manner. Basically, Plaintiffs contend that, because of one ongoing, allegedly illegal practice carried on by Gruma for a number of years, each of them has sustained injury and harm to their business and property. Accordingly, this Court believes that Plaintiffs' averments clearly present common questions of law and fact and set up causes of action growing out of the same "series of transactions or occurrences," thus meeting the requisites for proper joinder under Fed.R.Civ.P. 20(a).

### B. Severance Under Fed.R.Civ.P. 21

 The fact that Plaintiffs are properly joined does not conclude the severance inquiry. The Fifth Circuit has held that the ability to sever claims under Fed. R.Civ.P. 21 is not limited to curing misjoinder of parties, because "Rule 21 explicitly provides that '[a]ny claim against a party may be severed and proceeded with separately.'" *United States v. O'Neil,* 709 F.2d 361, 369 (5th Cir.1983) (emphasis original). A district court has broad discretion to order the severance of particular claims and afford them separate treatment when doing so advances the administration of justice and no party suffers prejudice by virtue of the severance. *See Applewhite,* 67 F.3d at 574 (stating that a district court has discretion to sever an action to avoid delay and prejudice); *Brunet v. United Gas Pipeline Co.,* 15 F.3d 500, 505 (5th Cir.1994) ("[t]he trial court has broad discretion to sever claims before it"); *Henderson v. AT & T Corp.,* 918 F.Supp. 1059, 1062 (S.D.Tex.1996) (concluding that severance of some claims was necessary to ensure that plaintiff received a fair trial); *see also* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Prac-*

tice and Procedure § 1689 (2001). However-er, a party is not entitled to a severance when it would prolong the ultimate termination of an action, add to the cost of resolving the lawsuit, create duplicitous litigation or increase the likelihood of inconsistent verdicts. See German by German v. Federal Home Loan Mortgage Corp., 896 F.Supp. 1385, 1400 (D.C.N.Y.1995); see also Wright, Miller & Kane, supra § 1689 ("severance will be refused if the court believes that it will only result in delay, inconvenience, or added expense").

According to Gruma, Plaintiffs' allegations involve two different locales and two diverse sets of variables with little interdependence; hence, the legality of these two distinct courses of conduct will entail two wholly different legal and factual inquiries. Gruma argues that in a single trial, the jury will hear evidence that may be relevant to the claims of the California Plaintiffs, but that is completely irrelevant and prejudicial with respect to the claims of the Texas Plaintiffs (and vice versa). Gruma further contends that a single trial will complicate evidentiary rulings and create a risk that the jury may conclude that Gruma is guilty of wrongdoing based solely on the sheer volume of the proof. In addition, because the laws of California and Texas are not identical, Gruma argues that "[e]ven a very attentive and diligent jury would have a hopeless task to keep straight both the facts and the law." (Gruma's Motion to Sever at 6.)

In response, Plaintiffs argue that this lawsuit arises from one cohesive body of evidence consisting of corporate strategies and a single unbroken plan to monopolize both the Texas and California tortilla markets formulated by a small group of Gruma executives, rather than from distinct bodies of evidence concerning retail sales in two different regions. As such, Plaintiffs contend that the majority of evidence presented will bear on the claims of both the California and Texas Plaintiffs, thus eliminating any concerns of juror confusion. Furthermore, Plaintiffs maintain that an essential component of their proof involves the connection between the practices Gruma allegedly employed in California and the practices Gruma has now allegedly implemented in Texas. Plaintiffs also assert that the jury will receive one instruction based upon federal antitrust law, the essential elements of which are identical to the essential elements of California and Texas antitrust law, therefore eliminating potential juror confusion arising from state law differences. Finally, Plaintiffs caution that a severance would lead to unnecessary repetition of the litigation and create a danger of inconsistent verdicts.

This Court finds that while the claims by the Texas and California Plaintiffs are individualized to some extent, involving questions about sales figures and marketing practices in two distinct areas, the majority of the Plaintiffs' claims involve questions relating to Gruma's overarching and integrated policies and strategies in both states. The factual similarity of the claims made by both sets of Plaintiffs, along with the overlapping of their witness lists,[1] weigh heavily against the severing of their claims. Furthermore, this Court recognizes that because evidence of Gruma's conduct in California is manifestly relevant to the Texas Plaintiffs' claims, a Texas jury would be required to hear evidence pertaining to the California market even if the California Plaintiffs' claims were severed. Because the claims by both sets of Plaintiffs are so alike, any risk of potential prejudice to Gruma is significantly out-

---

**1.** For instance, Plaintiffs maintain that with respect to both the Texas and California Plaintiffs' claims, there are "three key Gruma witnesses at the decision making level for the policies and practices at issue in this case." See Response to Motion to Sever at 10.

weighed by the duplicative litigation, the risk of inconsistent verdicts and the increased costs to all parties that would inevitably arise from a severance. There is no conceivable reason to burden the busy Federal Court system with two separate but remarkably similar trials in two different locations when all of Plaintiffs' claims can be resolved in this Court in a single adjudication. If a greater risk of prejudice arises at a later stage of the litigation, this Court has discretion to order separate trials as provided by Fed.R.Civ.P. 42(b) in order to minimize such risk.[2] Thus, Gruma's Motion to Sever is hereby **DENIED**.

### III. *Motion to Transfer*

Gruma seeks to transfer the California Plaintiffs' claims to the Central District of California. However, because this Court has declined to sever the claims of the California Plaintiffs, Gruma's request that the severed claims be transferred to California is hereby **DENIED** as moot. Finally, Gruma seeks a transfer of all remaining claims to the Houston Division of this Court.

Under 28 U.S.C. § 1404(a), a case may be transferred to any other District Court or Division where it might have been brought "for the convenience of parties and witnesses, in the interest of justice." When contemplating the appropriateness of a transfer, the Court must consider the following factors: the availability and convenience of witnesses and parties; the location of counsel; the location of books and records; the cost of obtaining attendance of witnesses and oth-

er trial expenses; the place of the alleged wrong; the possibility of delay and prejudice if transfer is granted; and the Plaintiff's choice of forum. *See Henderson,* 918 F.Supp. at 1065; *Dupre v. Spanier Marine Corp.,* 810 F.Supp. 823, 825 (S.D.Tex. 1993).

The party seeking a change of venue bears the burden of demonstrating that the forum should be changed. *See Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir.1966); *Sanders v. State St. Bank & Trust Co.,* 813 F.Supp. 529, 534 (S.D.Tex.1993). Unless the balance of factors strongly favors the moving party, the Plaintiff's choice of forum generally should not be disturbed. *See Peteet v. Dow. Chem. Co.,* 868 F.2d 1428, 1436 (5th Cir. 1989); *Henderson,* 918 F.Supp. at 1065. Whether a case should be transferred is a decision left to the sound discretion of the trial court. *See Jarvis Christian College v. Exxon Corp.,* 845 F.2d 523, 528 (5th Cir.1988); *Henderson,* 918 F.Supp. at 1065.

Gruma has failed to convince the Court that a transfer is warranted. Essentially, Gruma cursorily argues that the convenience of the parties, witnesses and attorneys requires a transfer to the Houston Division. Given the closeness of the Houston Division courthouse to the Galveston Division courthouse, the Court finds that any added convenience garnered from such a transfer would be slight at best. *See Continental Airlines, Inc. v. American Airlines, Inc.,* 805 F.Supp. 1392, 1400

---

**2.** A District Court has discretion under Rule 42(b) to order a separate trial of a claim "in furtherance of convenience or to avoid prejudice, when separate trials will be conducive to expedition and economy." Fed.R.Civ.P. 42(b); *see also Applewhite v. Reichhold Chemicals, Inc.,* 67 F.3d at 573, 574 (5th Cir.1995); *McDaniel v. Anheuser–Busch, Inc.,* 987 F.2d 298, 304 (5th Cir.1993). As such, rather than granting a severance of the California Plain-

tiffs' claims (which would, in effect, completely sever the California Plaintiffs from this action), the Court has the option of minimizing prejudice by ordering separate trials of claims pursuant to Fed.R.Civ.P. 42(b). Unlike severed claims, which become independent actions, separate trials usually result in one judgment. *See McDaniel,* 987 F.2d at 304 n. 19.

(S.D.Tex.1992). Accordingly, this Court declines to disturb the Plaintiffs' choice of forum and increase the likelihood of delay inherent with any transfer simply to avoid the minimal inconvenience that Gruma may suffer by appearing before this Court in Galveston rather than Houston. Consequently, Gruma's Motion to Transfer this action to Houston is hereby **DENIED.**

**IT IS SO ORDERED.**