IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 02-50070
Summary Calender
_____

ALAMO MOVING AND STORAGE ONE CORPORATION; A-LSBDBC CORPORATION,
doing business as Advanced Moving and Storage; SOUTHERN RELOCATION
& STORAGE ONE CORPORATION,

Plaintiffs-Appellants,

versus

MAYFLOWER TRANSIT L.L.C.,

Defendant-Appellee.
_____

Appeals from the United States District Court
for the Western District of Texas, San Antonio
(USDC No. SA-01-CV-411)
_____

July 31, 2002

Before JOLLY, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

In this case, we hold that the district court did not err in
compelling arbitration between Alamo Moving and Storage Company, et
al. ("Alamo") and Mayflower Transit L.L.C. ("Mayflower").  We also
hold that the district court committed reversible error in
dismissing Alamo's indemnification claim with prejudice.  The

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

district court's judgment is therefore affirmed in part and reversed in part. We remand for a dismissal without prejudice of Alamo's indemnification claim.

I

Mayflower employed Alamo as its agent in the moving and storage business in San Antonio, Texas. On January 19, 1999, Joseph and Tia Duerrmeyer filed suit against Alamo alleging breach of contract, conversion, fraud, and negligence in connection with the Duerrmeyers' move from Switzerland to San Antonio. On March 7, 2001, the jury returned a verdict against Alamo. The verdict awarded the Duerrmeyers $318,233 in damages and $88,059 in pre-judgment interest. While this lawsuit was pending, Mayflower terminated its agency arrangement with Alamo because of (1) Alamo's claim history, (2) its lack of qualified drivers, (3) its then current debit balance with Mayflower for $55,000, and (4) the repossession of some of Alamo's equipment.

Hoping to shield itself from liability, Mayflower reached a tentative settlement with the Duerrmeyers. Under the terms of the settlement, the Duerrmeyers agreed to release their judgment against Alamo in return for a payment by Mayflower alone, with no consideration from Alamo. Before the execution of this tentative settlement, however, Alamo filed for bankruptcy. Mayflower then filed a motion with the bankruptcy court seeking approval of the settlement. For reasons unapparent on appeal, the bankruptcy court

2

denied Mayflower's motion.  Shortly thereafter, Mayflower purchased the Duerrmeyers' judgment against Alamo.  As of today, only Mayflower has a judgment pending against Alamo.  It is noteworthy that Mayflower has not made any attempt to enforce this judgment.

On April 17, 2001, Alamo filed suit against Mayflower in Texas state court for (1) wrongful termination of its agency agreement and (2) breach of contract based on Mayflower's refusal to indemnify Alamo in the Duerrmeyers' lawsuit.  Mayflower removed the case to federal court.  On Mayflower's motion, the district court compelled arbitration.

Mayflower won in arbitration.  The arbitration panel found that Alamo's financial situation and performance history warranted the termination of the agency relationship.  The district court confirmed the arbitration award and entered a take-nothing judgment.  Alamo filed a motion for a new trial and/or reconsideration, arguing that the arbitrators had not properly considered its indemnification claim against Mayflower.  The district court denied Alamo's motion and sua sponte dismissed the indemnification claim.  Alamo now appeals.

## II

We first consider whether the arbitration clause in the agency agreement is enforceable.

We review the grant or denial of a motion to compel arbitration de novo. <u>Webb v. Investacorp, Inc.</u>, 89 F.3d 252 (5th Cir. 1996).

Through the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., Congress set forth a strong federal policy in favor of arbitration. <u>See</u> <u>Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.</u>, 460 U.S. 1, 24 (1983). The FAA provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

A court deciding whether to compel arbitration engages in a two-step inquiry. First, the court asks whether the parties agreed to arbitrate the particular dispute. Second, the court decides "whether legal constraints external to the parties' agreement" preclude the arbitration of the dispute. <u>Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.</u>, 473 U.S. 614, 627 (1985). At issue here is the district court's resolution of the first step in this two-step inquiry.

In determining whether there exists an agreement to arbitrate, courts "generally . . . should apply ordinary state-law principles that govern the formation of contracts." <u>First Options of Chicago, Inc. v. Kaplan</u>, 514 U.S. 938, 944 (1995). Under the FAA, "applicable [state-law] contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration

4

agreements without contravening [the FAA]." Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 685 (1996).

Here, the contract clearly indicates that the parties agreed that arbitration would govern any dispute arising out of the termination of the Mayflower-Alamo agency agreement. Alamo argues that this arbitration clause is nonetheless unenforceable because (1) it allows for limited discovery and (2) it entitles Mayflower to "virtual summary judgment."

We construe Alamo's first argument in terms of unconscionability; that is, because the arbitration clause allows for limited discovery, it is unconscionable and hence unenforceable under Texas law.

An unconscionable contract "is unfair because of its overall one-sidedness or the gross one-sidedness of one of its terms." Pony Exp. Courier Corp. v. Morris, 921 S.W.2d 817, 821 (Tex.App.--San Antonio 1996, no writ). Although contracts in Texas can be unconscionable for either substantive or procedural reasons, Alamo makes only a substantive unconscionability argument here. Substantive unconscionability refers to "the entire atmosphere in which the agreement was made; the alternatives, if any, available to the parties at the time the contract was made; the 'nonbargaining ability' of one party; whether the contract was illegal or against public policy; and whether the contract was

oppressive or unreasonable." <u>In re Turner Brothers Trucking Co.,</u> <u>Inc.</u>, 8 S.W.3d 370 (Tex.App.--Texarkana 1999, no pet.).

In this case, the lack of discovery during the arbitration was Alamo's own choice. Alamo did not request discovery before or during arbitration. The arbitration clause does not prohibit discovery. Instead, the clause simply does not provide for discovery, leaving the issue in the hands of the arbitration panel. Nothing about the clause is oppressive or unreasonable: The clause, for example, does not limit Alamo's discovery while granting Mayflower unlimited discovery. Under the clause, each party selects one of the two arbitrators who will rule on discovery issues. In short, the clause does not reflect a lack of bargaining power on the part of Alamo or a totally one-sided bargain. We thus hold that the failure to provide expressly for discovery does not render the arbitration clause unconscionable under Texas law.

As we have said, Alamo also argues that the arbitration clause is unenforceable because it entitles Mayflower to "virtual summary judgment." In making this argument, Alamo confuses two different clauses in the agency agreement -- the arbitration clause and the termination clause. The termination clause states that "[i]t is agreed and understood that any of the following reasons, <u>without</u> <u>further showing</u>, and without limiting the Company thereto, shall be a good and sufficient reason for cancellation by [Mayflower]." (emphasis added). The termination clause then lists several

6

possible reasons for termination, including "[t]he failure or apparent failure of the Agent to meet his financial obligations to [Mayflower]." It is undisputed that Alamo failed to meet its financial obligations to Mayflower. Before termination of the agency agreement, Alamo had a growing debit balance with Mayflower and a high claim ratio. Despite repeated warnings from Mayflower, Alamo made no attempt to address these financial concerns. As a consequence, the termination clause allowed Mayflower to terminate the agency agreement "without any further showing." The termination clause -- not the arbitration clause -- granted Mayflower "virtual summary judgment" in this case. Alamo does not argue the termination clause is unenforceable under Texas law. Alamo has thus waived any argument to this effect. See Applewhite v. Reichhold Chemicals, Inc., 67 F.3d 571, 573 (5th Cir. 1995). Furthermore, Alamo does not indicate why, even if the language of the termination clause is unmerciful, the termination clause of the contract renders the arbitration clause unenforceable. Accordingly, the district court properly rejected this argument.

For the aforementioned reasons, we conclude that the arbitration clause was enforceable under Texas law. The district court therefore did not err in compelling arbitration or confirming the arbitration award.

As we previously stated, the district court, <u>sua</u> <u>sponte</u>, dismissed Alamo's indemnification claim. We assume this dismissal was with prejudice. See <u>Fernandez-Montes v. Allied Pilots Ass'n</u>, 987 F.2d 278, 284 n.8 (5th Cir. 1993) ("[I]t is well established that a dismissal is presumed to be with prejudice unless the order explicitly states otherwise."). Because Mayflower holds an enforceable judgment against Alamo, this dismissal was unwarranted under state law. See <u>Tubb v. Bartlett</u>, 862 S.W.2d 740, 750 (Tex.App.-El Paso 1993, rehearing denied, writ denied) ("In the case of a promise to indemnify against liability, a cause of action accrues to the indemnitee only when the liability has become fixed and certain, as by rendition of a judgment."). Accordingly, we reverse the district court on this issue and remand for the entry of a dismissal without prejudice.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.