**Edward HARRELL, Individually and on Behalf of Others Similarly Situated**

v.

**CHECKAGAIN, LLC.**

**Civil Action No. 03–466.**

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

May 2, 2006.

---

J. Cal Mayo, Jr., Pope S. Mallette, Mayo Mallette PLLC, Oxford, MS, Brian Kelly Herrington, Freese & Herrington, O. Stephen Montagnet, III, McCraney & Montag-

net, PLLC, Jackson, MS, for Edward Harrell, Individually and on Behalf of Others Similarly Situated.

John Jack W. Land, Bryan Nelson, PA, Joe D. Stevens, Wise Carter Child & Caraway, Hattiesburg, MS, Russell J. Gaspar-PHV, Washington, DC, for Checkagain, LLC.

### ORDER AND REASONS

CARL J. BARBIER, District Judge.

Before the Court is **Harrell's Motion to Strike Portions of Defendant's Response and for Leave to File Rebuttal Brief** (Rec. Doc. 98), which Defendant opposes (Rec.Doc. 103). Also before the Court and in connection with the **Motion for Class Certification** (Rec.Doc.62) filed by Plaintiff and pursuant to this Court's February 1, 2006 Order (Rec. Doc.90), both parties submitted additional briefing on the issue of whether a Mississippi state-wide class certification would be appropriate. Plaintiff argues that a Mississippi state class certification would be appropriate (Rec.Doc.93), and Defendant opposes such certification (Rec.Doc.94). Both of these motions are before the Court on briefs, without oral argument.

### Plaintiff Harrell's Motion to Strike Portions of Defendant's Response and for Leave to file Rebuttal Brief

Plaintiff moves this Court to strike portions of Defendant's Supplemental Memorandum Regarding Class Certification Issues (Rec.Doc.94)—based on what Plaintiff claims is an entirely inconsistent argument that Defendant raised in its Supplemental Memorandum in Opposition to Motion for Class Certification (Rec. Doc 81). Plaintiff also has requested leave to file a rebuttal brief in support of his motion to have a Mississippi state class certified.

### BACKGROUND FACTS

In Defendant's Supplemental Memorandum in Opposition to Motion for Class Certification (Rec.Doc.81), it argued that nationwide class certification was not possible based on the substantial variation of the laws of the 50 states that governed bad check collections. Defendant submitted a chart to the Court summarizing the differing state statutes. Essentially, Defendant argued that a nationwide class certification would require the Court to undergo a state-by-state analysis of law relating to check collections. Defendant prevailed, and the Court denied certification of a nationwide class (Rec.Doc.90). The Court's Order provided that it was "den[ying] certification of a nationwide class, based on its finding that the resolution of the issues for trial would require reference to the state laws of all 50 states, and thus certification of a nationwide class herein would 'swamp all common issues and defeat predominance.'" The Court, however, informed the parties that it would take under advisement the notion of a Mississippi state class.

In Plaintiff's supplemental brief filed pursuant to the Court's Order, he attempted to demonstrate that under Mississippi law, Defendants actions were unlawful-based on the assertion that Defendant was not entitled to the service charges that it withdrew from the accounts of Mississippi citizens (Rec.Doc.93). Defendants countered by justifying its procedures under the Uniform Commercial Code ("UCC") (Rec. Doc 94).

### The Parties' Arguments

Plaintiff claims that in arguing the UCC applied, Defendant completely ignored its earlier argument that the state statutes applied. Plaintiff argues that Defendant is judicially estopped from arguing that the UCC applies to its bad check collection procedures—instead of Mississippi state law—because it successfully asserted an inconsistent argument in the nationwide class action status argument. Plaintiff asserts that because Defendant is judicially estopped from advancing this new argument, that all references to this argument should be stricken from the record. Plaintiff also requests that he be allowed to file a rebuttal brief in support of his motion for class certification—based on this new evidence.

Defendant argues that Plaintiff's real intention in filing this motion is based on the fact that he realized that he neglected to mention certain key issues in his supplemental brief to the Court on the appropriateness of certifying a Mississippi state class. First,

Defendant argues that Plaintiff's motion to strike is procedurally improper because Rule 12(f) only allows material be stricken from pleadings, and the supplemental brief is not a pleading (only complaints, answers, etc. qualify as pleadings).[1]

Defendant further argues that its arguments are not inconsistent. In fact, Defendant points out that in its brief on the issue of nationwide class certification, it asserted that both state UCC enactments and the various state bad-check laws could provide a lawful basis for a merchant to impose and recover an NSF service charge under the FDCPA. Defendant further argues that nothing in its brief on a Mississippi class is inconsistent with its brief on a nationwide class because they are two, undeniably, separate issues. Last, Defendant asserts that Plaintiff's request to file a rebuttal memorandum to address the inconsistencies in Defendant's argument should be denied because, contrary to Plaintiff's assertions, there are no inconsistencies in Defendant's argument that would require rebuttal.

**Legal Analysis**

 Rule 12 of the Federal Rules of Civil Procedure purportedly provides the basis for Plaintiff's motion to strike. It states, in pertinent part:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

F.R.C.P. 12(f). Plaintiff claims that certain assertions made by Defendant in its supplemental brief on state-wide class certification should be stricken from the record and that, further, Defendant should be judicially estopped from making those assertions based on their inconsistency with previous assertions made in this proceeding. "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine,* 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001), *quoting Davis v. Wakelee,* 156 U.S. 680, 689, 15 S.Ct. 555, 39 L.Ed. 578 (1895). Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire,* 532 U.S. at 749, 121 S.Ct. 1808, *quoting Pegram v. Herdrich,* 530 U.S. 211, 227, n. 8, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000). "The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." 18 *Moore's Federal Practice* § 134.30, p. 134–62 (3d ed.2000).

The Supreme Court further explained:

> Courts have observed that "[t]he circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle." Nevertheless, several factors typically inform the decision whether to apply the doctrine in a particular case: First, a party's later position must be "clearly inconsistent" with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled." Absent success in a prior proceeding, a party's later inconsistent position introduces no "risk of inconsistent court determinations," and thus poses little threat to judicial integrity. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

---

1. Notably, the case law Defendant cites for this proposition relates to Rule 15(a) of the Federal Rules of Civil procedure (amendments to pleadings); it does not relate specifically to Rule 12.

In enumerating these factors, we do not establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel. Additional considerations may inform the doctrine's application in specific factual contexts.

*New Hampshire,* 532 U.S. at 750–51, 121 S.Ct. 1808, *internal citations omitted.*

■ The Fifth Circuit has explained that a court should apply judicial estoppel if: (1) the position of the party to be estopped is clearly inconsistent with its previous one, (2) the party to be estopped was successful in convincing the court of the previous position, and (3) the party to be estopped did not act inadvertently. *Jethroe v. Omnova Solutions, Inc.,* 412 F.3d 598, 600 (5th Cir.2005).

■ As Defendant pointed out, it asserted in its brief on the issue of nationwide class certification that both the various state bad-check laws *and* state UCC enactments could provide a lawful basis for a merchant to impose and recover an NSF service charge under the FDCPA. Therefore, Defendant's argument in its supplemental brief to this Court was not inconsistent with previous arguments. Because these assertions were not inconsistent, Plaintiff has no basis to request that they be stricken from the record.

Also, this Court denies Plaintiff's request to submit additional briefing on the issue of class certification. Both parties have had *numerous* opportunities to brief their arguments to the Court. Thus, this motion is denied in its entirety.

### State-wide Class Certification

#### The Parties' Arguments

Plaintiff claims a Mississippi state class is appropriate under rule 23(b)(3) of the Federal Rules of Civil Procedure—using both federal and state law. Plaintiff devotes most of his brief to addressing the merits of his claim—something that this Court cannot consider when ruling on whether Mississippi state class certification is appropriate. Defendant, on the other hand, argues that a state-wide class certification would be inappropriate because it would involve too many individualized inquiries. Particularly, the class would include individuals "from whose accounts Defendant has debited service charges relating to the represent of checks without the account owner's prior authorization or permission." Defendant argues that certification under 23(b)(3) would be improper because the class cannot be clearly ascertained and common questions do not predominate. First, Defendant argues that federal law allows a service charge to be collected if an agreement expressly authorized the charge *or* if the charge is "permitted by law." 15 U.S.C.A. § 1692f(1). Defendant claims it will rely on both of the above defenses in this matter. Specifically, sometimes a written agreement exists that allows Defendant to process the service charge; other times a point-of sale notice may have been posted explaining that an automatic debit to the customer's account would occur if the check was returned for insufficient funds. So, to become a member of the class, it would have to be shown, in each case, that there was no point-of-sale notice or agreement that automatically authorized Defendant to the service charge. Defendant claims that to be certified, a putative class must be "adequately defined and clearly ascertainable," citing *Hedgepeth v. Blue Cross and Blue Shield of Mississippi,* 2006 WL 141624 *1 (N.D.Miss. Jan. 18, 2006). Defendant claims that it must be feasible for a court to conclude that an individual is a class member based on "objective terms that are capable of present ascertainment," citing *McGuire v. International Paper Co.,* 1994 WL 261360 *3 (S.D.Miss. Feb. 18, 1994). Furthermore, Defendant asserts that if too many individualized inquiries must be made to determine whether an individual qualifies for class membership, the class should not be certified, citing *Johnson v. Kansas City Southern,* 224 F.R.D. 382, 388–89 (S.D.Miss.2004). Defendant argues that the individualized inquiries would predominate over common questions of law and fact, making certification impracticable.

Next, Defendant asserts that class resolution is not superior to other means of fair and efficient adjudication. Defendant argues that the inability to identify class members by objective means and the inability to make class-based liability determinations through generalized proof does not achieve the econo-

mies and practical advantages that a class is supposed to make possible. Defendant argues that each class member will not be required to make a unique presentation of evidence specific to the facts of his or her situation and, further, Defendant will be unable to present an adequate defense for each particular claim.

Last, Defendant asserts that its conduct is permitted by law by Mississippi's adoption of sections 2–709 and 2–710 of the Uniform Commercial Code ("UCC"), which entitles a merchant to collect the price of goods sold but not paid for and any incidental damages, including reasonable charges.

**Legal Analysis**

 The Federal Rules of Civil Procedure state that a member or members of a class may sue as representative parties on behalf of all only if the following four factors are met "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." FRCP 23(a). The rules further require that one of the following factors be met:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed.R.Civ.P. 23(b). The Supreme Court has stated that a district court must conduct a rigorous analysis of the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure before it certifies a class action. *General Tel. Co. v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982). *Applewhite v. Reichhold Chemicals,* 67 F.3d 571, 573 (5th Cir.1995). The party seeking certification bears the burden of proof. *Horton v. Goose Creek Ind. Sch. Dist.,* 690 F.2d 470, 486 (5th Cir.1982), *cert. denied,* 463 U.S. 1207, 103 S.Ct. 3536, 77 L.Ed.2d 1387 (1983). Despite the Court's duty to conduct a rigorous analysis of the Rule 23's prerequisites, it is not proper for the Court to reach the merits of the case. The Supreme Court has explained "[n]othing in either the language or history of Rule 23 … gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). However, when conducting this review, the Court may go beyond the pleadings to decide whether a matter should be certified as a class action. *Castano v. American Tobacco Co.,* 84 F.3d 734, 740 (5th Cir.1996).

First, the four requirements of Rule 23(a) must be met.

 (1) Numerosity—Ordinarily, a plaintiff must demonstrate some evidence or rea-

sonable estimate of the number of members of the proposed class. *James v. City of Dallas,* 254 F.3d 551, 569 (5th Cir.2001), cert, denied, 534 U.S. 1113, 122 S.Ct. 919, 151 L.Ed.2d 884 (2002). In *Street v. Diamond Offshore Drilling,* 2001 WL 568111, at *4 (E.D.La. May 25, 2001), Judge Duval explained, "[a]lthough the number of members in a proposed class is not determinative of whether joinder is impracticable, it has been noted that any class consisting of more than forty members 'should raise a presumption that joinder is impracticable.'" In addition to numbers, the geographical dispersion of the class, the ease with which class members may be identified, the nature of the action, and the size of each plaintiff's claim are also factors relevant to the numerosity inquiry. *See Mullen v. Treasure Chest Casino, LLC,* 186 F.3d 620, 624 (5th Cir.1999). "While courts do not require evidence of exact size or identity of class members to satisfy the numerosity requirement, a finding of numerosity may not be based on speculation. A plaintiff cannot rely on conclusory allegations that joinder is impracticable, but must show some evidence or reasonable estimate of the size of the class." *Byes v. Accelerated Cash Flow,* 1997 WL 285004, *1 (E.D.La. May 27, 1997), *citing Zeidman v. J. Ray McDermott & Co., Inc.,* 651 F.2d 1030, 1038 (5th Cir. 1981); *Columbia Health Serv. v. Columbia/ HCA Healthcare Corp.,* 1996 WL 812934 (W.D.Tex.1996).

■ (2) Commonality—"The test for commonality is not demanding and is met 'where there is at least one issue, the resolution of which will affect all or a significant number of the putative class members.'" *Mullen,* 186 F.3d at 625, *quoting Lightbourn v. County of El Paso,* 118 F.3d 421, 426 (5th Cir. 1997).

■ (3) Typicality—"Like commonality, the test for typicality is not demanding. It 'focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent.'" *Mullen,* 186 F.3d at 625, *quoting Lightbourn,* 118 F.3d at 426.

■ (4) Adequacy of Representation– The Federal Rules of Civil Procedure require

that the named plaintiffs fairly and adequately represent the interests of the class. "Differences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests." *Mullen,* 186 F.3d at 625–26, *citing Jenkins v. Raymark Industries, Inc.,* 782 F.2d 468, 472 (5th Cir.1986). Also, the party seeking certification must show that its counsel is qualified, experienced and able to handle the class action. *See McGuire,* 1994 WL 261360 at *6 (record was inadequate to determine whether counsel was qualified as plaintiff had produced no forecast of the financial needs of the action or the funding sources to meet those needs).

In addition to the prerequisites contained in Rule 23(a), a putative class representative must demonstrate the applicability of one of the provisions of Rule 23(b). The parties both claim that this Court explained that if a class was certified, it would be certified pursuant to Rule 23(b)(3). Under Rule 23(b)(3), certification is permitted where "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and ... a class action is superior to other available methods for the fair and efficient adjudication of the controversy." The predominance test of Rule 23(b)(3) requires the court to determine whether common questions predominate over individual questions. See *McGuire,* 1994 WL 261360 at *5.

(1) Predominance;

■ "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 623, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). One should focus on the number and significance of common questions, as opposed to individual issues when analyzing this requirement. *See Jenkins v. Raymark Indus., Inc.,* 782 F.2d 468, 470 (5th Cir.1986). This inquiry is "far more demanding" than Rule 23(a)'s commonality requirement. *Amchem,* 521 U.S. at 623–24, 117 S.Ct. 2231.

Observers have cautioned that "the issue of 'predominance' has become the battlefield on which most class certifications are fought, and the outcome depends heavily on a court's assessment of what evidence (i.e., whether class-wide or individualized) will be adduced at the trial." *Edward F. Sherman, Class Action Practice in the Gulf South*, 74 Tul. L.Rev. 1603, 1610–1611 (June 2000).

(2) Superiority:

"To meet superiority, the plaintiffs must show that the class action device would be 'better than, and not just equal to, other methods of adjudication.'" *Buford v. H & R Block, Inc.*, 168 F.R.D. 340, 361 (S.D.Ga. 1996).

A proposed class should also be capable of being sufficiently defined. "It is elementary that in order to maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable." *DeBremaecker v. Short*, 433 F.2d 733 (5th Cir.1970). District courts have the power to dismiss class allegations before extensive class-related discovery takes place. *Hedgepeth*, 2006 WL 141624 at *1, *citing Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir.1982). In *McGuire*, 1994 WL 261360, plaintiffs sought to have certified a class consisting of individuals who were "affected" by the contamination of a river allegedly caused by the defendant. The Court determined that not all of plaintiffs subclasses were clearly defined and took issue with the terms "affected," finding that it was "not capable of the kind of precise definition needed to facilitate the identification of a class." *Id.* at *4. The plaintiffs argued that proposed class members could be required to submit to blood tests and depositions; however, the Court concluded that "such an approach would necessitate the holding of an inestimable number of individualized hearings, in order to determine the subclass which plaintiffs' counsel estimates to comprise 150,000 people, and would create insurmountable administrative problems." *Id.* at *5.

Last, the class members should all be affected by a single act committed by Defendant (i.e., an explosion, a toxic spill, or some sort of crash). *See McGuire*, 1994 WL

261360 at *7 (noting that certification was inappropriate because, among other things, "the claims concern an alleged course of conduct extending over a number of years, during which class members supposedly claim that they have been affected in different ways and at different times").

Based on the above analysis of Rule 23, this case is not suitable for class certification. There are too many issues that would have to be determined before an individual could be added to the class—including the issue of whether an agreement authorized the charge or whether the charge was permitted by law due to a point-of-sale notice. Likely, this stems from the fact that there is not *one single action* that Defendant has allegedly committed that has spawned these claims. Instead, the proposed class members' claims against Defendant arise from separate incidents or transactions making Plaintiff's request for class certification impracticable. As Defendant points out, these individualized inquiries would essentially require mini-trials. Thus, the putative class is not clearly defined or ascertainable and is, therefore, not suitable for class certification. This Court, therefore, concludes that class certification is inappropriate. Accordingly,

**IT IS ORDERED** that **Harrell's Motion to Strike Portions of Defendant's Response and for Leave to File Rebuttal Brief** (Rec.Doc. 98) should be and hereby is **DENIED. IT IS FURTHER ORDERED** that Plaintiff's request for this Court to certify a Mississippi state class certification -in connection with the **Motion for Class Certification** (Rec.Doc.62) filed by Plaintiff and pursuant to this Court's February 1, 2006 Order (Rec.Doc.90) should be and hereby is **DENIED.**