# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-41115
Summary Calendar

LANE MATTHEW BOURQUE,

Petitioner–Appellant,

v.

MITCH WOODS, Sheriff of Jefferson County,

Respondent–Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:06-CV-481

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Lane Matthew Bourque, now Texas prisoner # 1399609, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2241 petition on grounds of exhaustion and mootness. He also appeals the district court's dismissal of the 42 U.S.C. § 1983 claims that he raised in his habeas petition. The district court dismissed those claims as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Since filing his § 2241 petition, which challenged Bourque's pretrial confinement with respect

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to three state court indictments for theft, Bourque has been convicted in connection with one of those indictments and has been sentenced to 12 years in prison.

Bourque raises claims of excessive bail, prosecutorial delay, and defective indictments. He argues that he was prevented by state law from presenting his habeas claims to the Texas Court of Criminal Appeals because the state trial court did not hold a hearing before it denied his state habeas petition. He complains that he was not allowed to respond to the State's motion to dismiss and that he was denied a full and fair hearing in the state and federal habeas courts. He argues that his pretrial claims should not be deemed moot because, if there had been a ruling on the merits of those claims, he never would have been convicted and sentenced. Finally, he argues that the district court erred in refusing to grant his request for severance of his § 1983 claims from his habeas proceedings.

A COA may issue only if Bourque has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court's denial of habeas relief is based on procedural grounds, a COA may issue only if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). As Bourque has failed to make such a showing, his motion for a COA is denied.

Bourque has not challenged the district court's finding that his requests for monetary damages pursuant to § 1983 were barred by Heck v. Humphrey, 512 U.S. 477 (1994). Accordingly, he has not shown that the district court erred in dismissing his § 1983 suit as frivolous and for failure to state a claim. As he has not shown any error in the dismissal of his § 1983 suit, he cannot show that the district court abused its discretion in finding that judicial economy was

served by not severing his § 1983 claims from his habeas proceedings. See Applewhite v. Reichhold Chems., Inc., 67 F.3d 571, 574 (5th Cir. 1995).

As Bourque's appeal of his § 1983 claims is without arguable merit, it is dismissed as frivolous. 5TH CIR. R. 42.2; see Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal of his § 1983 suit. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Bourque is warned that if he accumulates three strikes, he will be barred from proceeding in forma pauperis pursuant to §1915(g) while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

COA DENIED; APPEAL DISMISSED.