# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 11, 2021

Lyle W. Cayce
Clerk

No. 19-50667
Summary Calendar

Rosa Serrano,

*Plaintiff—Appellant*,

*versus*

Mary Comstok-King, *Warden, Texas Department of Criminal Justice*;
Brenda Hoover, *Nurse Practitioner*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CV-163

Before Higginbotham, Jones, and Costa, *Circuit Judges*.
Per Curiam:*

Rosa Serrano, Texas prisoner # 2151723, appeals the district court's dismissal of her 42 U.S.C. § 1983 complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e). First, she argues the district court erred in

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

dismissing her complaint sua sponte without allowing her to amend it or issuing a summons to the defendants. The district court gave her an opportunity to amend her complaint when it ordered her to file a more definite statement by answering a questionnaire. *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994). Further, the district court did not err by dismissing Serrano's complaint prior to service on the defendants and without requiring the defendants to file an answer. *See* § 1915(e)(2)(B); *Brewster v. Dretke*, 587 F.3d 764, 769 n.3 (5th Cir. 2009); *Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991).

Next, Serrano asserts Hoover was deliberately indifferent to her serious medical needs because she cancelled all but one of her prescriptions and removed the medical restrictions on her work assignment after finding she did not have a back injury. The district court did not err in dismissing Serrano's claim for failure to state a claim under § 1915(e). *See Legate v. Livingston*, 822 F.3d 207, 209-10 (5th Cir. 2016). Serrano's allegations against Hoover amount at most to negligence or medical malpractice, which is insufficient to constitute deliberate indifference. *See Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006).

Serrano also contends she was falsely charged with attempted escape and refusal to work due to her back injury and that she was denied due process in the disciplinary proceedings. She also argues Comstok-King personally evaluated her disciplinary cases. Because Serrano has not shown that her disciplinary convictions have been set aside, the district court did not err in dismissing this claim. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Finally, Serrano argues the district court erred because it did not rule on her habeas claims, and she reasserts her habeas claims. The district court did not abuse its discretion in severing the claims challenging her

incarceration and seeking monetary damages against additional defendants not named in her original complaint. *See Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995); Fed. R. Civ. P. 21. These claims were unrelated to the § 1983 claims raised in her original complaint. Further, claims challenging incarceration are properly raised in habeas applications. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994).

For these reasons, the district court's judgment is AFFIRMED. Serrano's motions are DENIED. We CAUTION Serrano that if she accumulates three strikes, she will not be able to proceed in forma pauperis in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury. *See* § 1915(g).